The opinion of the Court was afterwards delivered by
Parsons, C. J.
The action is debt upon the statute of 1795, c. 41., commonly called the fee bill, to recover of the defendant, a deputy sheriff of the county of Kennebeck, thirty dollars, being the penalty provided by the sixth section of that statute, for wilfully demanding and receiving greater fees for the services mentioned in the statute than are thereby allowed. The defendant pleaded the general issue, and a verdict having been found against him, he now moves to arrest the judgment.
It is a general and a reasonable rule of law, that after a verdict judgment may be arrested, if it appear from the declaration that the plaintiff’s title to his action is defective; but judgment will not be arrested when the defect is not in the title, but in the form of declaring it.
Let us now examine the declaration, and discover if there be any defect, and if there is, whether it be in the title to the action, or in the form of setting out the title. The allegation is, that the defendant wilfully and corruptly received two dollars and seventy-nine cents, being greater fees for the service and collection of an execution, which before was described and averred to have been delivered to the defendant, a deputy sheriff. Fees *are [ * 309 ] provided by the statute for serving an execution, and poundage for receiving the money. And it is very clear, that if the fees of two dollars and seventy-nine cents had been wrongfully received for the service of the said execution and for poundage, the penalty would have been incurred.
Tne objection is, that there is no averment that these fees were received, in fact, for the execution and for poundage.
There certainly is a defect in the declaration in this respect, and upon special demurrer the defendant would have had judgment. But taking together the whole declaration, the title to the action is *238 not defective It sufficiently appears that the demand for the penalty is for exp«ssive fees for services noticed and provided for in the statute. TV*re is an averment that they were wilfully and corruptly received. And a verdict could not have been found for the plaintiff, unless he had given evidence to the jury, that the defendant did receive the fees complained of for the service of, and for poundage on, the execution. The defect in the count is not in showing a defective title, but in showing his title defectively. If the defendant would have availed himself of this defect, he ought to have demurred, and then the plaintiff might have amended the formal omission on payment of costs.
The judgment is not arrested, but must be rendered on the verdict (a).

 Vide Williams vs. Hingham, Quincy Bridge Turnpike Corporation, 4 Pick. 341 —Ward vs Bartholomew, 6 Pick. 409. — Cornwall vs. Gould, 4 Pick. 444