GEORGE A. MOREY *v.* DUSTIN HOMAN.

ORLEANS,
*March,*
1838.

If a clause be contained in a written contract, which by grammatical construction would have one application, and from the whole tenor of the writing it is manifest the parties to the contract intended it should have a more extended application, it will be construed according to the evident intention of the parties.

After verdict judgment will not be arrested for any defect in the declaration, which by reasonable legal intendment must be considered to have been proved, or where the requisite allegation may be considered a part of what is already alleged in the declaration.

Illustration of those defects which are cured by verdict or default.

Assumpsit. The plaintiff declared that on the 27th day of January, 1833, in consideration that the plaintiff, at the special instance and request of the defendant, would buy of him, the defendant, a certain time piece for the sum of eighteen dollars, he, the defendant, undertook, and then and there faithfully promised to the plaintiff that the said time piece should keep good and accurate time for the term of ninety days from said sale, and if it did not so keep time, the defendant was to furnish one that would so keep time, if the plaintiff should well use the time piece ; and the plaintiff says that, confiding in the said promise and undertaking of the defendant, he, the plaintiff, did afterwards, on the same day, buy of the said defendant the said time piece for the sum aforesaid ; yet the plaintiff says that the said time piece did not at the time of said sale and promise, nor has it ever since that time, kept time as the defendant promised, whereby it became of no value to the plaintiff; and although the defendant had due notice that it would not keep time as aforesaid, within the said ninety days, yet defendant has not furnished the plaintiff with any other, though often requested.

Plea general issue.

The defendant, in support of the declaration, offered the following contract, signed by the defendant, to wit :

" Delivered and sold this day to Geo. A. Morey, one time " piece, which I warrant to keep good time, if well used, " ninety days, if not, to furnish one that will, of the same " kind."

To the admission of this the defendant objected, but the County Court overruled the objection and admitted the contract.

The jury, upon this and other testimony, returned a verdict for the plaintiff, and the defendant excepted.

ORLEANS,
*March,*
1838.

Morey
*v.*
Homan.

There was, also, a motion in arrest of judgment, for the insufficiency of the declaration, which was overruled by the County Court, to which, also, the defendant excepted.

*J. Mattocks* for defendant.

The contract, declared upon, was that the time piece should keep good time. The contract offered in evidence was, that it should keep good time " if well used." This is a variance, as the contract produced was conditional, while the one declared upon was absolute. (1 Chitty's Plead. 337, 339, 340.)

*A. Young,* for defendant.

REDFIELD. J. In this case the defendant insists there is a variance between the contract adduced in evidence, and the declaration ;—that the qualification " if well used" in the contract is applied to the first time piece furnished, and in the declaration only to the one subsequently to be furnished ; but the court think that, without doubt, the contract was intended to express a stipulation on the part of the plaintiff to use each and every time piece he should receive of the defendant well. The phraseology of the contract is very loose and indefinite, but such must be its only rational interpretation. The same may be said of the declaration. It is loosely and indefinitely expressed, but seems to be almost a *picture* of the contract, and can bear no other construction than that just put upon the contract.

The defendant has further moved in arrest of judgment on account of the defective manner in which the breach of the contract is alleged. The contract is in the alternative, either that the time piece shall keep time ninety days, or that defendant will furnish one that shall, upon the condition that plaintiff shall use them well. The breach omits to allege that the plaintiff used it well ; but alleges that the one furnished did not keep time as promised by the defendant, and that the defendant was notified of this, and would not furnish any other. In the first place, it may be observed that this condition, as it is called, annexed to the contract, " if well used," is only what the law implies in contracts of this kind, and is not necessary to be stipulated, and, if stipulated, does not vary the terms of the contract. It is like a stipulation that the time piece should *be housed,* or *wound up,* or *not destroyed,* neither of which would vary the contract, being already implied in the general terms of the contract, and, therefore, not

necessary to be noticed in the declaration.   And a motion in
arrest will never be entertained, when the requisite allegation
is contained by implication in those which are used.

And it may further be seen that the allegation, that the
time piece did not keep time " as by defendant promised,"
directly and explicitly refers to this qualification, for the de-
fendant only promised that it should keep time " *if well
used,*" *i.e.* in that manner and that only.   And if the requisite
allegation may be considered to have been proved as a *part
of what is alleged,* the motion in arrest cannot' prevail.

The distinction between those intendments which will be
made in favor of pleadings on general demurrer, and on mo-
tion in arrest, may be illustrated by the case of a plea of justi-
fication in trespass under process of writ of attachment.

On demurrer to the plea it would no doubt be required that
the defendant should at least allege that the writ was a *legal
writ of attachment,* &c., but after verdict, the simple allega-
tion that defendant had " a writ, *by virtue* of which he ar-
rested the body," would no doubt be sufficient.   For the
court will not, after verdict, intend it was a defective writ or
a writ of summons, either of which intendments would not
be inconsistent with the allegations in the plea.   But if the
plea set forth a *defective writ* and not a writ imperfectly sta-
ted, it is bad in arrest even.   Hence the rule that a verdict
or default will cure a title *defectively stated,* but not a *de-
fective title.*

Judgment of the County Court affirmed.

ROYCE, J. having presided at the trial in the County Court,
did not sit.