Murphy vs. Lawrence.

No. 36.—John J. Murphy, plaintiff in error vs. Abraham Lawrence, defendant in error.

[1.] In declaring on a contract in which A agrees to gather and distil the peaches in B's orchard, and deliver to him one third of the brandy, *provided that A runs two stills, or runs one still and can do it;* a failure to aver that the defendant *ran two stills, or one still and could distil plaintiff's peaches,* is bad upon special demurrer but amendable.

[2.] A breach by assignment generally, that the defendant has not performed his promise or agreement, is bad upon special demurrer, but cured by a verdict, and when demurred to specially, is amendable.

Special demurrer, and amendment of the declaration allowed. From Troup Superior Court. Judge Hill presiding. Term, 1847.

For the questions made and determined, see the opinion of the Supreme Court.

Dougherty, for plaintiff in error.

No counsel for the defence.

*By the Court* — Nisbet, J. delivering the opinion.

The contract set out in the plaintiff's declaration in the Court below is to the following effect. The defendant agreed with the plaintiff to gather the peaches then ripening in his orchard, to carry them to his still, to make them into brandy and return to the plaintiff one third of the brandy distilled from them, in good casks, at his own expense — the defendant, to use the language of the agreement, was " by no means to neglect or fail to carry away said peaches and to distil them, *provided he run two stills, and to still them if he could do so provided he run but one.*" The action was brought upon this agreement. The pleader set it out as above, averring that plaintiff's peaches would have made one thousand gallons of brandy, if the defendant had fulfilled his contract, and that his (plaintiff's) part of the brandy would have been worth to him five hundred dollars, and concluding with a breach in these words, " and your petitioner avers that said Murphy (the defendant) did not comply with his contract with your petitioner, but wholly refused and neglected to comply in any part or portion of

said contract without any fault of your petitioner; and by means of the breach and non-performance of his. contract with your petitioner the peaches in said orchard were a total loss to your petitioner, all of which was to his damage," &c.    To this declaration the plaintiff in error, then defendant, demurred; the case being called for a hearing on the appeal.    The exceptions to the writ were, *first*, that it contained no averment that the defendant *did run two stills*, or *one still and could distil the plaintiff's peaches;* the defendant contending that this was a condition precedent to his liability, and of course to the plaintiff's right of action, and therefore ought to have been averred.    *Second,* that the breach was not sufficient, it being general, when it ought to have been special. Both of these exceptions were sustained by the Court below, and the plaintiff was allowed to amend.    The defendant's counsel denies that these were amendable matters, and upon that ground excepted, and sued out his writ of error to this Court.

[1.] In this State we have abolished the technical forms and requirements of the old English pleadings.    England has followed our example in this respect, and has by rules and acts of parliament greatly simplified her pleadings.    But in the reform which our statute has introduced, we are not to seek, because we shall not find, the abolition of this great law of pleading, to wit, the facts must be so plainly and fully and distinctly set forth as to inform the opposite party of the grounds of the plaintiff's action, to enable the jury to find an intelligible and complete verdict, and to enable the court to declare distinctly the law of the case. 1 *Chitty Plead.* 215, 216 ; *Johnson et al.* vs. *Ballingall,* 1 *Kelly's R.* 70 ; *Cowp.* 682; 6 *East.* 422 ; 5 *T. R.* 623.    Neither at common law, nor under our statute, has this rule been dispensed with. Whilst our statute avoids the prolixity, exactness and multifarious formalities of the common law, yet it requires if possible a more perspicuous statement in writing, of the whole grounds of the plaintiff's action, or his adversary's defence, than was usually had in England.    Our Legislature as we suppose, intended to declare with solemnity and to enforce with certainty, the spirit of the rule just referred to.    *See Prince,* 420.    The great inquiry however is, what does amount to a plain, full and distinct setting out of the grounds of the plaintiff's charge, allegation or demand ? This inquiry meets us here.    The plaintiff must bring himself within his legal right, by suitable averments, and if his pleadings show that he has no right of action and no right of recovery, his

writ is demurrable and bad.  In this cause the defendant asserts that the plaintiff by the contract set forth in his declaration, has shown the *absence* of a right of action, because he has shown that the defendant was bound to execute his contract upon certain conditions, and has not averred the fulfilling of the conditions.  That is to say, the defendant agreed to distil the plaintiff's peaches, *provided* he run two stills, and to distil them if he could do so provided he run but one, and the plaintiff has not averred either that he did run two stills, or did run but one and could distil the peaches, and therefore the declaration is bad upon general demurrer.

It is a very serious question whether, so far as the first exception is concerned, this declaration is not good as it stood, without the amendment.  It is true, as argued by the learned counsel for the plaintiff in error, that when the obligation on the defendant to perform his contract depends on any event which would not otherwise appear from the declaration to have occurred, an averment of such an event is necessary; and whether the obligation depends upon *an event*, or upon a preparedness, or an ability to execute the contract, as in this case, perhaps does not vary the rule.  1 *Chitty Plead.* 228, 229.  Yet a very nice, almost impalpable, distinction obtains in the books, between a condition precedent, which qualifies the contract and limits the obligation of a party, and a proviso or condition in the contract, which goes merely in defeasance of it. In the latter instance the proviso or condition need not be noticed by the plaintiff, because it is matter of avoidance which is within the knowledge of the defendant, and may be set up by him in defence.  1 *Chitty Plead.* 222, 223, 228; 1 *Saund.* 223, *note* 2; 1 *T. R.* 645; 12 *East*, 1; 11 *East*, 633.  It is also a general rule of pleading, that matter which should come more properly from the other side need not be stated.   *Com. Dig. Pleader, c.* 81; 2 *Saund.* 62 *b.;* 8 *T. R.* 167; 2 *Wils.* 147; 5 *T. R.* 615; 8 *East*, 80.

Bacon's Abridgment lays down the following rule :  " That in all cases where an interest or an estate commences upon condition, be the condition or act to be performed by the plaintiff, defendant, or any other, and be it in the affirmative or negative, there the plaintiff ought to show it in his declaration, and aver the performance of it, for the interest or estate commences in him upon the performance of the condition, and not before.   But, when the interest or estate passes presently, and vests in the grantee, and is to be defeated by matter *ex post facto*, or condition subsequent to the condition to be

performed in the affirmative or negative, or to be performed by the defendant, or any other, there the plaintiff may count generally, without showing any performance; and this shall be pleaded by him who is to take advantage of it." 5 *Bacon's Ab. Title Pleas and Pleadings*, 337. With much plausibility and forcefulness, it may be said that the *running of two stills, or of one and being able to distil the fruit,* was in this case only a proviso or condition, which operated as a defeasance, and not a condition which limited or qualified the liability of the defendant. That the agreement to distil the plaintiff's peaches vested in him a present right, and devolved upon the defendant a present liability, or obligation to perform it; and that the not running two stills, or running one and not being able to distil the peaches, was a conditional inability, to arise if at all *ex post facto,* and therefore to be plead by the defendant, if he sought to avail himself of it. And stronger still becomes the argument when it is recollected that the happening or not of the condition, was a matter not perhaps *solely* but *peculiarly* within his knowledge. The authorities are clear, that when one agrees to pay another money, upon condition that a third person will do or not do a given thing, the plaintiff may declare generally without noticing the condition, for the reason that its performance or not is a matter as much within the knowledge of the defendant as the plaintiff. 1 *Saund.* 117; 2 *Saund* 62 *a., n.* 4. The principle, it would seem to me, applies to this case with greater force of reason. In the case of Crocker and wife *vs.* Whitney, 10 *Mass. R.* 316, an action was brought against A, upon a promise to pay to B, a certain sum of money, on account of C, *provided* C had so much on board the ship Favorite. This was held to be a proviso operating as a defeasance, and not a condition precedent. *However,* looking to the broad requirements of our statute, and conceding that the authorities are in conflict upon this point, I think the better pleading would have been as required by the exception. It is safest to plead fully; to do so is in accordance with the spirit of the statute. The writ before us is not drawn with artistic precision, not even with ordinary carefulness and skill; but it can be sustained without violence to the rules of pleading, and whenever that can be done it is the duty of the Court to do it. Putting it upon the worst footing, I should say it is bad only upon special demurrer, and that the defect is remediable by amendment. We think the declaration is amendable under the rule of pleading. "Where the declaration shows a title or cause of action defectively set forth,

the deficiency is not good in arrest of the judgment, but will be cured by a verdict;" and when taken by demurrer, is therefore amendable. If the title or cause of action set forth be defective, then the defect will arrest the judgment, and it is not cured by a verdict. 1 *Chitty Plead.* 319, *on margin ;* 1 *East*, 209, 210 ; 2 *Saund.* 352, *note* 3; 2 *Burrow*, 900; *Doug.* 687, *note g. and h.;* 1 *Saund.* 228 *b.;* 16 *Pick.* 128; 6 *Ibid.* 409; 5 *Mass.* 306; 7 *Mass.* 169; 10 *Mass.* 316.

Does not this declaration show a contract, an undertaking by defendant to do a thing, to wit, distil the plaintiff's peaches ? and if the condition is not precedent, but a proviso working only a defeasance, as I believe it is, then is there not a cause of action exhibited, albeit imperfectly ? Is there not something upon which to amend? It is not too late, in the order of this opinion, to say here, that in almost all the cases where *conditions* have been brought into discussion before the courts, and determined to be conditions precedent, they have been conditions to be performed by the plaintiff, and not as here, a *status*, or *condition of the defendant*, which shall excuse him. After verdict, the law—the courts would be constrained to infer that the jury had no evidence before them to show that the defendant was entitled to be excused on account of the proviso, and that they did have before them proof sufficient to justify a finding for the plaintiff. The verdict finds that there was a breach of the contract legally proven. The defendant further, could be at no loss as to the character of the plaintiff's demand or charge; he is thoroughly put upon his guard. Nor can it be doubted, that the judgment in this case would be a bar to another action brought against him for the same cause. More then for the sake of giving full effect to the spirit of our statute, than because we believe that at common law the declaration was bad, we affirm the judgment of the Court below, in sustaining the demurrer. *A fortiori*, we sustain the decision authorizing the plaintiff to amend.

As to the second exception, we find that the breach was [2.] assigned in the following words : " and your petitioner avers and expressly states to the Court, that the said Murphy did not comply with his contract with your petitioner, but wholly refused and neglected to comply in any part or portion of his said contract, without any fault of your petitioner ; and by means of the breach and nonfeasance of his contract with your petitioner, the peaches in said orchard were a total loss to your petitioner." This breach is not sufficiently certain or special. The character of the breach

must depend upon the character of the contract broken. It may, however, be assigned in the words of the contract, either negatively or affirmatively; or in words that are co-extensive with the import and effect of it. 1 *Chitty t. p.* 241; 2 *Saund.* 181, *b. c.; 13 East.* 63; 6 *Cranch* 127.

When breaches lie more in the defendant's than in the plaintiff's knowledge, less particularity is required. 8 *T.R.* 463; 8 *East.* 80.

A general statement that the defendant has not performed his agreement or promise is bad on demurrer, though aided by verdict. 1 *Chitty Plead. t. p.* 243; 5 *East.* 270; 5 *B. & C.* 284; 1 *Salk.* 240; 1 *Saund. Plead. and Evid.* 135. And this is the assignment made in this case. Chitty says, "the sufficiency of the breach will in general be aided by the verdict, by the common law intendment that it is not to be presumed that either the Judge would direct the jury to give, or that the jury would have given the verdict without sufficient proof of the breach of the contract." 1 *Chitty Plead. t. p.* 245.

Our opinion is that the exception was well taken, but that the writ was in this particular also amendable. The judgment of the Court below is affirmed.