No. 10.—JOHN DILL and JAMES BUCHANNON and others, plaintiffs in error, *vs.* GABRIEL JONES, defendant in error.

[1.] A declaration, with the common counts for money had and received, and for money paid, laid out and expended, without specification by bill of particulars or otherwise on what account specially it was received or paid out, is defective; but it is such a defect as is amendable; and being cured by a verdict, is not good in arrest.

Motion in arrest of Judgment.   Before Judge WARREN.   In Early Superior Court.   April Term, 1847.

This was an action of assumpsit brought by the defendant in error, against Dill and Buchannon, two of the plaintiffs in error,

having two counts, one of which was for money had and received, and the other for money laid out and expended, without any bill of particulars being attached to the declaration.

At the April Term, 1845, of Early Superior Court, said case was tried on the appeal, and a verdict and judgment rendered in favour of Jones for $1008 principal, and $127 interest with costs, against said Dill and Buchannon and their securities on the appeal.

Afterwards, at April Term, 1847, of the Court below, Judge Warren presiding, the counsel for the plaintiffs in error moved an arrest of the judgment, alleging that the declaration in said case, contained no sufficient cause of action therein set forth to authorize a judgment to be rendered thereon ; the same containing two counts, the one charging the defendants, Dill and Buchannon, for money had and received to the use of the plaintiff, the other charging for so much money before that time laid out and expended, to and for the use of said Dill and Buchannon ; without setting forth any bill of particulars from whom the money was had and received, or to whom the same was laid out and expended, or in any manner plainly and fully setting forth the plaintiff's said cause of action.

The motion was argued and overruled by the Court below, the Court refusing to arrest the judgment. To which decision the counsel for the plaintiffs in error excepted.

JONES and CARITHERS for the plaintiffs in error, cited, *Judiciary Act of* 1799 ; *Johnson* vs. *Ballingall,* 1 *Kelly* 68 ; *Bethune* vs. *Bonner,* 2 *Kelly* 169.

BOWER for the defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

This was a motion to set aside a verdict and judgment, on the ground that the plaintiff had not set forth a sufficient cause of action. The writ contained the common counts for money had and received, and for money paid, laid out and expended ; without specifying by bill of particulars or otherwise, wherein the money was had and received, or on what account it was paid, laid out and expended.

Dill and others *vs.* Jones.

In *Murphy* vs. *Lawrence*, 2 *Kelly*, 258; we lay down [1.] this fundamental law of pleading, to-wit: " The facts must be so plainly, fully and distinctly set forth, as to inform the opposite party of the grounds of the plaintiff's action, to enable the jury to find an intelligible and complete verdict, and to enable the court to declare distinctly the law of the case." This rule was declared with reference both to our statute, and the common law. We can not find a better, upon principle, or by reference to authority, and are unwilling to modify it. 1 *Chitty Pleadings*, 215, 216; *Cowp.* 682; 6 *East.* 422; 1 *Kelly*, 70; 2 *id.* 258.

According to this rule, this writ is defective, it does not with sufficient distinctness, clearness, and fulness, set forth the plaintiff's cause of action.

In *Murphy* vs. *Lawrence*, we have established this further rule of pleading, to wit: " Where the declaration shows a title or cause of action *defectively* set forth, the deficiency is not good in arrest of the judgment, but will be cured by a verdict." 2 *Kelly*, 260, 261. Such a declaration is therefore amendable. In this writ, the counts show a cause of action, but defectively set forth. Money had and received to the plaintiff's use, or paid, laid out and expended for the use of the defendant, is a good cause of action; but the setting forth is defective in the particulars complained of. If the cause of action be defective, then it is not amendable, and it is good ground to arrest the judgment. 1 *Chitty Plead.* 319; 1 *East.* 209, 210; 2 *Saund.* 352, *note* 3; 2 *Burrow* 900; *Doug.* 687, *note g & h;* 1 *Saund.* 228, *b:* 16 *Pick.* 128; 6 *Id.* 409; 5 *Mass.* 306; 7 *id.* 169; 10 *id.* 316.

A further rule established by this Court is, that all amendable defects are cured by verdict. *Bond* vs. *the Central Bank*, 2 *Kelly*, 100; *Goodlow* vs. *Potts,* *Cooke R.* 399; 3 *Cowen R.* 662; 3 *Fairf.* 44.

The plaintiff in error was too late with his motion to arrest the judgment. I am glad that in this case we are enabled—*stare decisis.*

Let the judgment below be affirmed.