FLANDERS *v.* STEWARTSTOWN.

In a suit against a town, for damages alleged to have been caused by a defect in a high-way therein, and verdict for plaintiff, judgment will not be arrested, because in the plaintiff's declaration it is alleged that the "*inhabitants of said town*" were bound to keep said highway in repair, instead of alleging that "*the town*" was thus bound.

*Quære,* whether the statement in the declaration that there was in, &c., on, &c., "*a public highway,*" is not sufficient, and whether it would not follow as a necessary legal sequence, that the town in which it was located was bound to keep it in repair.

THE town of Stewartstown is summoned to answer to the plaintiff: "In a plea of the case for that there was on, &c., a certain public highway in said town of Stewartstown, which highway the said inhabitants of said town were then, and still are, bound to keep and maintain in good and sufficient repair, and free from all obstructions, which said highway is known as the Hollow road," &c.

The declaration, after describing the road, alleged that the plaintiff on, &c., was driving on said highway, and was thrown from his carriage, and injured, by reason of a defect in said highway, &c. Plea, general issue, and verdict for the plaintiff.

And after verdict, the defendant moved the court that judgment be arrested in said suit because the plaintiff's declaration does not allege that the town of Stewartstown was bound to maintain or keep in repair the highway where the alleged injury took place.

And the question of law raised by said motion in arrest, was reserved for decision at the law term.

*Barker* and *Bingham*, for defendant.

*Ladd*, for plaintiff.

SARGENT, J. The description of defendant town is manifestly defective. But this defect might have been cured by amendment. *Foster* v. *Lane*, 30 N. H. 305; *Lebanon* v. *Griffin*, 45 N. H. 558, and cases cited. Ordinarily any defect that might be cured by amendment will not be a sufficient ground for arresting the judgment. 3 Black. Com. 394. And even where there is such a defect in pleading as would have been fatal upon demurrer, yet if the issue joined be such as necessarily required on the trial, proof of the facts, so defectively or imperfectly stated or omitted, such defect, imperfection or omission, is cured by the verdict. 1 Saund. 226, note 1, p. 228. So, if the plaintiff has stated the *gist* of his action properly, a verdict cures everything which was necessary for the plaintiff to prove in order to maintain his action. *Avery* v. *Hoole*, Cowp. 826; *Bayard* v. *Malcomb*, 2 Johns. 550; *Pangborn* v. *Ramsey*, 11 Johns. 141; *Fuller* v. *Holden*, 4 Mass. 498; *Moore* v. *Buswell*, 5 Mass. 306; *Kingsley* v. *Bell*, 9 Mass. 198; *Colt* v. *Root*, 17 Mass. 235; *Ward* v. *Bartholomew*, 6 Pick. 409; 1 Ch. Pl. 673, and *seq.; Warren* v. *Litchfield*, 7 Green. 63. If enough appears from the declaration to show that the plaintiff has a good *cause* of action, all defects in the statement of it will be cured by verdict. *Sewall's Falls Bridge* v. *Fisk*, 23 N. H. 180; *White* v. *Concord Railroad*, 30 N. H. 188; *Corey* v. *Bath*, 35 N. H. 530.

In *Corey* v. *Bath*, last cited, the form of the declaration is precisely like the present one, in this particular, and though no objection was made in that case for that reason, the imperfect and defective statement of the liability in the declaration is evidently regarded as cured by the verdict. We must presume, after the verdict, that everything was proved, which was necessary to warrant the finding of the jury. *Worcester* v. *Pro. of Canal Bridge*, 16 Pick. 549; *Reed* v. *Chelmsford*, 16 Pick. 128.

The error or defect in this case would have been amendable upon demurrer, and must now be held to be cured by the verdict. *Walpole* v. *Marlow*, 2 N. H. 386; *Elliot* v. *Heath*, 6 N. H. 428; *Hall* v. *Marshall*, Croke Car. 497; *Ingersoll* v. *Jackson*, 9 Mass. 495; *Adding-*

*ton* v. *Allen*, 11 Wend. 375 ; *Morey* v. *Homan*, 10 Vt. 565 ; *Smith* v. *Eastern Railroad*, 35 N. H. 356 ; Rev. Stats. ch. 186, sec. 10.

A *quære* might be raised whether the statement in the declaration, that there was in the town of Stewartstown, on, &c., "a certain public highway," would not be sufficient, and whether it would not follow, as a necessary legal sequence from that fact, that said town was in law bound to keep the said highway in repair.

The motion in arrest must be overruled, and there must be

*Judgment on the verdict.*