J. P. REA v. JOEL HARRINGTON.

*Pleading. Practice. Demurrer. Motion in Arrest. Slander. Evidence. Exemplary Damages.* R. L. s. 4246.

1. DEMURRER — MOTION IN ARREST. When a demurrer is overruled and the demurrant goes to trial on the general issue and is defeated, and then moves in arrest of judgment, his rights are only those afforded by his motion, and he takes nothing under his demurrer.

2. PLEADING — AFTER VERDICT — PRESUMPTION. After verdict every reasonable presumption is made in favor of the sufficiency of the pleading; thus, in an action of slander, where the defendant had charged the plaintiff with committing incest with his daughter, the declaration failed to allege that the defendant said that the plaintiff had carnal intercourse with his daughter, with knowledge of the relationship, which knowledge was an essential element of the crime; *Held,* that the averment could be implied from other allegations, and from concessions made by the defendant, the court having charged correctly as to what constitutes incest.

3. SLANDER. Words imputing a possible crime are actionable *per se,* though not believed by the hearer, and though the charge could not be true.

4. SLANDEROUS WORDS REPEATED — EVIDENCE. Evidence was admissible to prove that the defendant repeated the slanderous words subsequently to bringing the suit.

5. EVIDENCE — DEFENDANT WITHOUT PROPERTY. The plaintiff claiming exemplary damages, it was error to exclude the defendant's evidence offered to prove that he was a man of no property. But as the error could only affect the exemplary damages, the judgment will be affirmed, if the plaintiff enters a *remittitur* of such damages.

6. EVIDENCE — MENTAL SUFFERINGS. It was proper to allow the plaintiff to testify as to his mental sufferings caused by the slander, in effect, that he could not sleep nights, could not work, etc.

7. PROVOCATION. The exceptions do not show error in excluding evidence of provocation.

8. ATTORNEY STATING FACT NOT IN PROOF. The plaintiff's counsel, in his argument, stated a fact which was not in proof. It was but a single remark, and promptly dealt with by the court; *Held,* that an exception will not lie, although one will where counsel persistently travel outside the proof.

9. REQUEST. A request must be wholly sound in order to make an exception to a refusal to comply with it available.

ACTION for slander. Plea, not guilty. Trial by jury, December Term, 1883, Caledonia County, Ross, J., presiding. Judgment on verdict of guilty.

The defendant's third request, mentioned in the opinion, was: "That there could be no recovery as to the crime of abortion, or any attempt to commit abortion, because the declarations did not properly charge the crimes; that if any was committed it was outside the State; that the declaration did not charge the plaintiff knew or supposed the daughter to be pregnant."

The exceptions stated as to provocation: "To bear upon the question of damages and provocation the defendant offered to prove that for some time prior to March 28, 1883, and a few days before, the plaintiff had been accustomed to make slurring allusions to defendant's wife Mary; that he would ask about 'old Mary and the calves'; that he would allude to defendant's stealing cattle and sheep."

The exceptions stated as follows as to counsel going outside the proof: "No proof was permitted as to the ownership of the farm upon which the defendant lived in Walden. Upon his cross-examination by plaintiff's attorney, defendant volunteered to say that he was a poor hen-pecked old man, who lived with his boy and wife, and could not pay a cent any way. The plaintiff's attorney, in closing his last argument, said, if Harrington, defendant, was poor and had no money to pay a verdict, he should not have deeded his farm to his wife to put it out of the way of creditors, as defendant had done. The presiding judge was at this time in the adjoining room. The defendant's counsel tried to stop this speech of Mr. Lamson, but could not until the presiding judge was called in. The presiding judge informed Mr. Lamson and the jury, that he could not discuss the matter objected to, and must confine his argument to evidence properly in the case. The defendant duly excepted to this conduct of Mr. Lamson, and the same was allowed by the court. Mr. Lamson said no more as to this subject after this intimation of the court."

*Bates & May,* for the defendant.

The crime of incest is incomplete without one of the parties at least having knowledge of the relationship. This knowledge must be alleged, or the defect is fatal on demurrer or motion in arrest. Townsh. Sland. & Lib. 190; Hill, Torts, 264; *Griggs* v. *Vickroy,* 12 Ind. 549.

We also question whether the crime of incest could be charged upon a married man under the statute law, which reads thus: "Persons between whom marriages are prohibited, etc., who intermarry or commit fornication with each other shall be punished as in case of adultery."

Fornication occurs only where there is no marriage. 2 Bish. Cr. Proc. s. 728.

It has been questioned whether a charge of incest is slanderous. Townsh. Sland. & Lib. s. 163, p. 230, *n.* 3.

It was error to permit the proof of speaking the slanderous words subsequently to bringing the suit. *Frazier* v. *McCloskey,* 60 N. Y. 337; *Root* v. *Lowndes,* 6 Hill, 518; *Keenholts* v. *Becker,* 3 Denio, 346; Sedg. Dam. (5 ed.) 111; *Schenck* v. *Schenck,* 20 N. J. Law, 208; *P. W. & B. R. R. Co.* v. *Quigley,* 21 How. 202 (62 U. S. L. ed. bk. 16; L. ed. 73).

It was error to exclude the evidence as to the defendant's property. *Johnson* v. *Smith,* 64 Me. 553; *Stanwood* v. *Whitmore,* 63 Me. 209; *Brown* v. *Barnes,* 39 Mich. 211; *S. C.* 33 Am. Rep. 375; *Bump* v. *Betts,* 23 Wend. 85; *Bennett* v. *Hyde,* 6 Conn. 24; *Kniffen* v. *McConnell,* 30 N. Y. 289; 2 Greenl. Ev.; 2 Phil. Ev. 258.

It was also error to allow the plaintiff's evidence as to his mental sufferings. *Boovee* v. *Danville,* 53 Vt. 183; *G. C. & Santa Fé R. Co.* v. *Levy,* 59 Tex. 542; *S. C.* 46 Am. Rep. 269.

The defendant should have been allowed to show provocation. Townsh. Sland. & Lib. 688; *Thomas* v. *Dunaway,* 30 Ill. 373; *Whitemore* v. *Weiss,* 33 Mich. 348; *Botelar* v. *Bell,* 1 Md. 173; *Pugh* v. *McCarty,* 40 Ga. 444.

The fact that counsel went outside the evidence in his argument should be held fatal error. *State* v. *Hannett,* 54

Vt. 83; *Scripps* v. *Reilly,* 35 Mich. 371; *S. C.* 24 Am. Rep. 575; *Brown* v. *Swineford,* 44 Wis. 282; *S. C.* 28 Am. Rep. 582; *Coble* v. *Coble,* 79 N. C. 589; *S. C.* 28 Am. Rep. 338; *Cleveland Paper Co.* v. *Banks,* 15 Neb. 20; *S. C.* 48 Am. Rep. 334.

*J. P. Lamson,* for the plaintiff.

There was no error in admitting evidence that the defendant repeated the slanderous words. *Knapp* v. *Fuller,* 55 Vt. 311; *Driggs* v. *Burton,* 44 Vt. 144; *Cavanaugh* v. *Austin,* 42 Vt. 576.

The plaintiff had a right to state what effect the words spoken had on him. *Nott* v. *Stoddard,* 38 Vt. 25.

The opinion of the court was delivered by

VEAZEY, J. The declaration is for slander. The defendant demurred, and the demurrer was overruled, to which the defendant excepted. The defendant was then allowed to plead the general issue and go to trial on the merits, which resulted in a verdict for the plaintiff. Thereupon, a motion in arrest was filed which was overruled, and the defendant excepted. He now claims to test the sufficiency of the declaration under the exception to overruling the demurrer.

1. By pleading over and going to trial instead of submitting to judgment on the declaration the defendant waived his exception to the ruling on the demurrer. A verdict may cure defects which would render a declaration demurrable. After verdict every reasonable presumption is made in favor of the sufficiency of the pleadings. *Brown* v. *Hitchcock,* 28 Vt. 452; *Morey* v. *Homan,* 10 Vt. 565.

Moreover, on demurrer to any of the pleadings, which go to the action, the judgment for either party is the same as it would have been on an issue in fact, joined upon the same pleading and found in favor of the same party. Gould Pl. ch. 9, s. 42.

When cast upon his demurrer a defendant is not entitled

of right to plead over. If the court extend the favor against the plaintiff's right to judgment, it would be unjust to put the plaintiff to the expense and risk of trial and then after favorable result subject him to the risk of the demurrer for defects that a verdict cures where there is no demurrer.

The sufficiency of this declaration can be tested only under the rules applicable to the motion in arrest.

2. The first assignment of error in the motion is as follows: "It is not alleged in the declaration nor proved on trial, that in speaking the alleged slanderous words as to the alleged incest, the defendant said the plaintiff had carnal intercourse with his daughter Sadie with knowledge of the relationship."

This assignment correctly assumes that incest is made a crime in this State. R. L. s. 4246. It is undoubtedly true, that knowledge of the relationship is essential to constitute the crime. Such allegation is not in terms in the declaration; but it is alleged that the plaintiff was a married man, and had a daughter living in his family by the name of Sadie Rea * * * * who had arrived at the age of seventeen years. * * * * It is also stated in the bill of exceptions that it was conceded that plaintiff was married in 1864; that his wife was still living; that the plaintiff was never divorced; and that Sadie was their daughter now eighteen years old. Defendant's first request to the court for instructions to the jury was to the effect that plaintiff's knowledge of the relationship was essential to create the crime of incest. The exceptions state that on the subject of the requests the court told the jury what was necessary to constitute a charge of the several crimes named in the requests. The charge of the court, therefore, must have included the element of knowledge of the relationship. Judgment will not be arrested after verdict, for lack of an essential averment in the declaration which is contained by implication in the averment used, or which may be considered to have been proved as a part of what is alleged. *Morey* v. *Homan, supra; Curtis* v. *Burdick,* 48 Vt. 166.

The averment implied knowledge of the relationship, the concession tended to show it, and the charge must have included it as an essential element. This exception therefore cannot be sustained.

3. The second and third assignments of error in the motion in arrest may be treated together and were as follows: "There was no proof and no allegation in the declaration that the said Sadie was ever with child or had a child born alive, or that there could have been or was any attempt at abortion, or any murder of any person, or any attempt to conceal any murder, or any person or child to murder."

"Third: There was no proof that Sadie was pregnant or had been, or that her father or any one else supposed her to be pregnant, or that any person who heard the discourse believed or had reason to believe that she had been or was pregnant."

The defendant's second request to charge covered the same point.

The claim is that, as there was no proof as to any murder or an attempt to commit murder, etc., and no hearer understood or believed there was any person to murder, the words charged did not constitute slander. The effect of the claim is, that because it was not true as charged in substance by defendant that plaintiff's daughter had a child begotten by the plaintiff, which he killed and threw to the pigs, it was not a slander to make the charge; especially, if the hearers did not believe it.

Although there is some qualifying authority, we think the sound rule is, that if the words impute a crime they are actionable *per se*, even though the charge could not be true. It is the obloquy of the charge that produces the damage, and not the exposure to punishment. *Eckart* v. *Wilson*, 10 S. & R. (Pa.) 44; *Carter* v. *Andrews*, 16 Pick. 1. In the case last cited, SHAW, Ch. J., says: "But it is no defence to this action that the charge could not be true."

Neither does the disbelief of the hearers destroy the actionable quality of the charge. If they had no right to

believe or understand there was an imputation of crime, either by reason of the expression in the same connection, as, he is a murderer, he killed my dog, or by reason of facts supposed to be in the minds of the hearers which would render the imputation of crime impossible, as a charge of stealing timber, the speaker having reference to growing timber which is not the subject of theft, and supposing the hearers understood to what he referred, in either case the charge is not actionable *per se.* *Smith* v. *Miles,* 15 Vt. 245; Stark. Lib. ch. 3. The things charged in this case were all possible crimes; and there was no express or implied qualification; and it was a slander to charge them because not true, whether the hearers believed the charge or not.

We think there was no error in overruling the motion in arrest.

4. Against the defendant's objection and exception the County Court allowed the plaintiff to prove a repetition of the speaking of the slanderous words by the defendant subsequent to the bringing of this suit. The authorities differ on this question as on most others arising in slander suits; but in this State the rule has been adopted as held by the court below, on the ground that the evidence is admissible for the purpose of showing the *animus* of the defendant at the time in question. *Knapp* v. *Fuller,* 55 Vt. 311; Odgers Sland. 271.

5. The court refused to permit the defendant to prove that he was a man of no property; to which ruling the defendant excepted.

The cases are not uniform, but the weight of authority is in favor of the admissibility of evidence by the plaintiff in actions of slander and some other actions, to show the defendant's pecuniary ability at the time the cause of action accrued; and this, on the ground that wealth is an element in man's social rank and influence, and therefore proof of it tends to show the extent of the injury from the slanderous speech or other act of indignity and insult. *See* au-

thorities in reporter's *notes* to *Brown* v. *Barnes*, 33 Am. Rep. 375.

The actual damage from a slander does not depend on the defendant's ability to pay; but the extent of the injury, and consequent damage does depend in some measure on the defendant's rank and influence; and as rank and influence depend somewhat on wealth, evidence of wealth by general inquiry, not the detail, is pertinent to the issue. 2 Greenl. Ev. s. 269.

So far, it is a question mainly of reputation for wealth. But when exemplary damages are also claimed, which are allowed in part in the nature of punishment of the defendant " on account of the malicious or oppressive character of his acts,"—*Earl* v. *Tupper*, 45 Vt. 275,—his pecuniary ability must be considered in order to determine what would be a just punishment for *him*. In applying pecuniary punishment to a party, his ability to pay is a proper element for consideration. Actual means, not reputation, is then material. But it is claimed that as the plaintiff did not tender the issue of defendant's means or make any claim on that account, the defendant had no occasion or right to show he had no means.

On this claim the case of *Johnson* v. *Smith*, 64 Me. 553, is precisely in point. There, as here, the plaintiff offered no proof to show and claimed no damages by reason of the defendant's means, but did claim exemplary damages. The court said: " If the plaintiff really intended to admit that the defendant was without means, the testimony could have done him no harm; but such an admission was not distinctly made, and, in the absence of it, the exclusion of the testimony would be injurious to the defendant. It certainly deprived him of a legal right." We hold this exception was well taken.

6. Exception was also taken to the testimony of the plaintiff himself as to the mental sufferings caused by the slander, to the effect that he was overcome and cried; could not

sleep nights; could not work; did not feel like seeing any one. It is not claimed in argument, as it could not well be, but that damages may be given for mental suffering occasioned by slander. *Treanor* v. *Donahoe*, 9 Cush. 229; *Goslin* v. *Corry*, 7 Mann. & Gr. 346; *S. C.* 8 Scott, N. R. 25.

The alleged error, in the language of the brief, was in allowing the plaintiff "to narrate the outward signs of his inward anguish." In support of this claim *Stowe* v. *Heywood*, 7 Allen, 118, is cited, where the court say: "Mental suffering cannot be directly proved as a fact by any one besides the sufferer, but is a matter of inference from causes which naturally tend to produce it. It cannot be measured aright by outward manifestations; for there may be a show of great distress where little or none is felt. And great distress may be concealed and borne in silence with an apparently quiet mind."

It is not entirely clear what the court meant to indicate as to the right of the party to testify as to his sufferings. The evidence there was from other witnesses. Here it was from the party. The natural tendency of the alleged slander was to produce "pain and anguish of mind," the effect averred in the declaration. Being a proper allegation, it was proper to prove by the plaintiff that the slander, in fact, had the effect alleged, and the extent of it. Loss of time by reason of not being able to work was not an element of damage, but the not being able to work would tend to show the severity of the mental suffering. "How great was your pain and anguish on account of charges so made by defendant?" Suppose the answer had been, "They made me sick." The physical pain, expense, and loss of time in that sickness, would not have been a kind of damage which forms a ground of action; but the fact of sickness would tend to show the extent of mental suffering occasioned by the defendant's wrong. We think this exception cannot be sustained.

7. Upon the question of provocation, even on the defend-

ant's theory of the law, we are unable to say there was error in the ruling below, owing to the meager presentation of the point in the bill of exceptions. Cases which hold that words in the nature of provocation on other occasions are admissible, surround the evidence with limitations and conditions on account of which the admissibility of the evidence must rest to some extent in the discretion of the trial court. In any view of the law the statement in the exceptions falls short of an affirmative showing of error.

8. Exception was taken by defendant to a remark of the counsel for the plaintiff in the closing argument to the jury. He made a statement of a fact to the jury which concededly was not in proof. The impropriety and wrong of counsel thus stating or assuming facts in argument which are outside of all evidence are perfectly manifest. If a deliberate act, its object can be only to have the jury consider a fact not in the case, and thus induce a verdict not warranted by the evidence. Legitimate argument elucidates the truth. Its power and usefulness in this behalf are very great. The largest latitude should therefore be allowed to counsel in argument fairly within the scope of the evidence. But it has been repeatedly held in other jurisdictions and recently in this, that when counsel persistently travel out of the record, basing argument on facts not appearing, and appealing to prejudice, irrelevant to the case and outside of the proof, it not only merits the severe censure of the court, but is valid ground for exception. See authorities cited in defendant's brief. But in this case the exception was to a single remark, not unlikely an inadvertence in the heat of debate, possibly, as now claimed, provoked by objectionable suggestions of opposing counsel, promptly dealt with by the court, and not persisted in by the erring counsel, and we think worked no injury to the defendant; therefore this exception should not be sustained.

9. The defendant is entitled to no benefit from his exception to the failure of the court to charge according to his

third request. As repeatedly held, a request must be wholly sound in order to make an exception to refusal to comply with it available. The defendant was not entitled to a charge in compliance with the last clause in that request for reasons stated on another point in this opinion.

Assuming that the balance of the request was sound and therefore called for proper instructions upon the subject, no exception was taken to the charge as made; therefore, the defendant has nothing on this point available to him here.

The foregoing covers all the points in the defendant's brief which are subject to review on this bill of exceptions.

On account of the error found in respect to the exclusion of evidence to show that the defendant was a man of no means, the judgment of the County Court would be reversed; but as the ruling on that point bore only on the question of exemplary damages, it is proper to allow the plaintiff to remit that part of the damages, and thereupon affirm the judgment.

Therefore, if the plaintiff enters a *remittitur* of the $60 exemplary damages included in the verdict within twenty days, the judgment is to be affirmed; otherwise, said exception is sustained, judgment reversed, and cause remanded for new trial.