THE CONSTRUCTION INFORMATION COMPANY *vs.* WILLIAM B. CASS.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

If a written contract is susceptible of two constructions, one of which, although justified by the language and juxtaposition of the words, would render its performance impossible, and the other would make it a valid, rational and consistent agreement, in harmony with the apparent purpose of the parties, the latter should be adopted, even if in reaching it punctuation, paragraphing and the immediate sequence of words are disregarded.

The plaintiff, a Boston corporation engaged in the business of obtaining and furnishing information concerning building projects and operations throughout New England, agreed to investigate certain building projects and report thereon to the defendant, a building contractor who had an office in Boston and was acquainted with the plaintiff's business methods. The contract classified the projects in four separate paragraphs, as follows: "All building construction where stone or brick work is required. Also bridge work where stone is to be used. Also all modern building construction where stone underpinnings are required. Also separate construction of stone underpinnings throughout New England." In an action to recover the stipulated compensation, it was *held:*—

1. That in view of the manifest intent of the parties and the circumstances attending the execution of the agreement, it could not reasonably be construed as imposing upon the plaintiff the task of specifically investigating and reporting upon each and every individual building project of the kinds enumerated, but only to investigate and report upon each of the four classes as a whole.

2. That the words "throughout New England" might properly be treated as qualifying each of the four classes of enumerated projects.

Argued October 2d—decided December 20th, 1901.

·ACTION to recover damages for breach of contract, brought to the court of Common Pleas for Litchfield County and tried to the court, *Welch, J.;* facts found and judgment rendered for the plaintiff for $180, and appeal by the defendant for alleged errors in the findings and rulings of the court. *No error.*

The plaintiff corporation, having its office in Boston, is engaged in the business of " obtaining information concerning. building projects and building operations throughout the New England States and the furnishing of the same to such persons as shall employ it therefor." The defendant, in November, 1899, was a building contractor in stone and brick, and also had his place of business in Boston. Being fully acquainted with the plaintiff's business methods, he visited the latter's office and there entered into a written agreement with it in the following language :—

"The Construction Information Company.

" The undersigned hereby employs the Construction Infor-

mation Company for the term of one year, and thereafter until the authority is revoked in writing, to investigate certain projects herein specified and report such information as they may obtain. For such services the undersigned agrees to pay the said company the sum of one hundred and eighty ($180) dollars per annum, payable monthly. The undersigned also agrees for himself, his employees and agents, that said information shall be used in confidence and for his business only. The terms of this contract embody the entire agreement between the parties, and no representative of the Company is authorized to vary the same in any respect.

"Specification.

"All building construction where stone or brick work is required.

"Also bridge work where stone is to be used.

"Also all modern buildings construction where stone underpinnings are required.

"Also separate construction of stone underpinnings throughout New England."

Thereafter the plaintiff continued, as it is alleged and as the court finds, to perform its part of the agreement, sending to the defendant over eighteen hundred typewritten reports containing information of stone or brick building projects throughout the New England States. The plaintiff used all reasonable diligence according to its established course of business, in investigating throughout the New England States the different kinds of construction specified in the agreement, and reported to the defendant all such information as it was thus able to obtain. Investigation was not made outside of New England; reports were not made upon constructions elsewhere located; nor was every stone or brick building project in New England investigated or reported. The defendant, although having twice promised payment, the last time within two months of the beginning of action, failed to make any payment under the contract, and

this action was brought upon the contract to recover for eight months' completed service.

*Wilbur G. Manchester*, for the appellant (defendant).

*Richard T. Higgins*, for appellee (plaintiff).

PRENTICE, J.   The grounds of error assigned resolve themselves into substantially two: first, that the contract sued upon is so uncertain, ambiguous and indefinite in its terms, and so impossible of performance, that it is not an operative and enforceable agreement; second, that the plaintiff was not entitled to have judgment upon the complaint, for the reason that the finding shows that there had not been performance on its part, as is alleged.   Underlying both these contentions and, as we view the agreement sued upon, decisive of both, is the question of its construction.

The defendant contends that the agreement is too uncertain in its provisions to be a valid contract, since the obligation to investigate is an obligation of wholly indefinite proportions; that it is impossible of performance, since it calls for investigation as to each and every single project of the classes enumerated within the territory, and since the territory has no restriction short of the whole globe, save in case of the last-named class, with respect to which the territory is the whole of the New England States; and that for corresponding reasons there has, as the facts disclose, been no performance by the plaintiff.

The agreement was made with full knowledge on the part of both parties of the methods of the plaintiff's business, which was confined to the New England States.   It will be presumed, therefore, that the kind of investigation required was that which was customary in the business, and not any other kind—uncertain and perhaps impossible in extent.

With respect to the general field of investigation, the language of the agreement and the juxtaposition of words gives countenance to the defendant's contention.   Such a construction, however, makes the agreement one impossible of

performance, and therefore void, one which would not effect-
uate its manifest purpose and intent, and the manifest pur-
pose and intent of the parties, and one quite different from
what the parties at the time and during its continuance by
their acts and conduct interpreted it to be. Such a con-
struction will not, therefore, be given to the agreement un-
less its language necessitates it—unless a meaning more in
harmony with the purpose of the parties cannot be reason-
ably given to the terms in which they have couched their
undertakings. There are certain canons of interpretation
which are to be observed in this inquiry. We should put
ourselves in the place of the parties and study the language
of the agreement in the light of the surrounding circum-
stances and of the apparent purpose the parties had in enter-
ing into the writing. *Brown* v. *Slater*, 16 Conn. 192;
*Goodyear* v. *Shanahan*, 43 id. 204, 209. As between the two
meanings which the words will bear, we should adopt that
which will make the agreement a valid and not a void one.
*Brown* v. *Slater*, 16 Conn. 192. We may look for assistance
to the practical construction which the parties have them-
selves, by acts or otherwise, given to their language.
*French* v. *Pearce*, 8 Conn. 439; *Bray* v. *Loomer*, 61 id. 456;
*Vermont Street M. E. Church* v. *Brose*, 104 Ill. 206.

If we approach the present agreement in this friendly
spirit, we discover that its language readily yields to a rea-
sonable and operative construction which makes it a rational
contract, consonant with the interests and manifest purposes
of the parties thereto. Under this construction the plaintiff
is found not to have assumed the ridiculous and impossible
task of specifically investigating and reporting upon each
and every individual building project of the kinds enumer-
ated, without exception whatsoever, throughout either the
New England States or over the whole face of the earth, but
to have undertaken to investigate and report upon each of the
four enumerated classes of work as a whole. The language
of the specification attempts a classification of projects simply
and solely; not an individualization of specific projects. It
seeks to create classes for general investigation, and not to

emphasize the necessity for the investigation of each and every individual instance falling within each class.

With respect to the limitation as to territory which appears in the specification, to wit, "throughout the New England States," there is little difficulty if, as we may, we disregard the incidentals of punctuating, paragraphing and the immediate sequence of words, and apply the words in question as qualifying all those preceding and establishing the four classes of work. *Ewing* v. *Burnet*, 11 Pet. 41; *Morey* v. *Homan*, 10 Vt. 565. This was clearly the parties' intent, and the phraseology does not forbid such interpretation.

The interpretation thus given to the agreement sued upon at once dissipates all the defendant's claims of error. The agreement assumes a construction sufficiently certain, the obligations imposed by it appear no longer impossible, and the finding discloses performance of it by the plaintiff. The judgment was therefore proper.

There is no error.

In this opinion the other judges concurred.