# WALTER P. BAVINGTON

## *vs.*

# WILLIAM E. ROBINSON.

*Slander: justification as to some charges only; criminal charges; good character and reputation. Privileged communications: express malice. Damages: feelings; evidence. Rebuttal: re-examination of witnesses; discretion of court.*

In an action of slander the defendant may justify as to one or more of the separate charges. p. 48

A plea of justification can not be required to apply to words which the defendant denies having spoken. p. 48

In an action of slander, the plaintiff may properly testify as to the effect upon his feelings of the defamatory words. p. 48

In an action of slander, where the plaintiff has already testified to his innocence and good faith, in the matter concerning which the slanderous charge was made, it is not reversible error to exclude his further testimony negativing the imputation of criminality. p. 49

The ruling of the lower court upon the propriety of a question it was proposed to ask a witness, is not open to review on appeal, when the question does not appear from the record to have been answered. p. 49

On the re-examination of a witness in rebuttal, it is within the discretion of the trial court, whether or not a subject upon which he had been examined in chief, should be reopened. p. 50

In an action of slander, where the words charged impute crime, and are sought to be justified by pleading and proof, the plaintiff should be allowed in rebuttal to prove his good reputation with respect to the element of character affected by the defamation. p. 52

Even where a statement may be privileged, it may be the basis for a recovery of damages in an action of slander, if defendant, in making it, was actuated by express malice. p. 53

*Decided November 11th, 1915.*

Appeal from the Circuit Court for Baltimore County (DUNCAN and McLANE, JJ.), to which Court the case had been removed from Harford County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John S. Young* and *John S. Ensor* (with whom was *Harry S. Carver* on the brief), for the appellant.

*Thomas H. Robinson* (with whom were *John Mays Little* and *Benson & Karr* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The general rule of law applicable to this case was settled upon a former appeal reported in 124 Md. 85. It was then determined that there was legally sufficient evidence of actual malice to be considered by the jury as against the defense of privilege and justification in respect to a part of the alleged slanderous statements. This conclusion led to the remanding of the case, and in the new trial which has since occurred a verdict was rendered in favor of the defendant. From the judgment entered on this finding the plaintiff has again appealed. There are twenty-eight bills of exceptions in the present record, relating to the evidence and prayers offered in the case, and there is also a question raised by demurrer to one of the defendant's pleas.

The ruling on the demurrer will be first considered.

It was alleged in the fourth and fifth counts of the declaration that the defendant falsely and maliciously spoke and published the following words addressed to the plaintiff: "Don't you know you are stealing my corn? Well, you are. Don't you know you are criminally liable? You are." I am going to see the State's Attorney. You have been robbing me long enough." The defendant pleaded the general issue to the declaration as a whole, and filed a special plea to the fourth and fifth counts. By this plea it was denied that the

defendant had used any of the alleged slanderous expressions, except the words inquiring whether the plaintiff did not know he was criminally liable and stating that the defendant was going to see the State's Attorney. The speaking of these words was admitted and was sought to be justified in the plea on the ground that they referred to the plaintiff's conduct in selling and failing to account for certain corn upon which he had given the defendant a bill of sale as security for a loan. The objection made to the plea on demurrer is that it attempts to justify only a portion of the utterances alleged in the counts to which it is directed. It is argued that the justification, to be a complete defense, must be co-extensive with the charge. This proposition is sound in principle, but it is not at all opposed to the theory and validity of the plea. It was not proposed to present by the plea a complete defense to the suit by way of justification. An important feature of the defense was a denial of the charge to the extent indicated. It was only the admitted utterance that was sought to be justified. The plea could not be required to include a justification of words which it asserted had in reality not been spoken. The entire charge contained in the counts was definitely met by the plea, in the only way consistent with the facts upon which the defendant wished to rely. As the alleged defamatory words consisted of several distinct statements, it was clearly permissible for the defendant to justify as to one or more of the separate charges. 25 *Cyc.* 464, and cases there cited. The demurrer to the plea was properly overruled.

The first exception was taken to the refusal of the Court to allow the plaintiff, when testifying, to state how he was affected by the defendant's words and manner in uttering the alleged slander. The right of the plaintiff, in an action of slander, to testify as to the effect upon his feelings caused by the defamatory words, has been recognized in *Chesley* v. *Tompson,* 137 Mass. 136; *Rea* v. *Harrington,* 58 Vt. 181; *Mills* v. *Flynn* (Iowa), 137 N. W. 1082, and other cases. In the first of those just cited the Supreme Judicial Court of Massachusetts said: "In all cases in which the plaintiff

is entitled to recover damages for mental suffering, evidence of the actual suffering caused by the act of the defendant is admissible; and since parties have been admitted as witnesses, the testimony of the plaintiff as to his sufferings is admissible, for he knows best what he has suffered. His interest in the action only affects his credibility. Damages for mental suffering resulting from the publication of the slander are not special damages, which must be specially alleged in the declaration." In our opinion the plaintiff was entitled to answer the question to which the first exception refers, and we are, therefore, unable to concur in the ruling by which the objection was sustained.

The second and third exceptions relate to the disallowance of questions propounded to the plaintiff, by his counsel, as to whether he had robbed the defendant or had stolen his corn. In the course of his testimony the plaintiff had fully described his conduct, and asserted the honesty of his purpose, in disposing of the corn in question, and had given his reasons for not accounting for the proceeds more promptly. It was to this transaction that the accusation against him is conceded to have had exclusive reference. As he had thus testified to his good faith and the innocence of his intentions, we see no prejudice to his interests in the refusal of the Court to permit him to further negative the imputation of criminality, even if it be assumed that such testimony would have been competent in the case as developed, which is a question not necessary to be decided.

As the interrogatory to which the fourth exception refers, and to which an objection was overruled, does not appear to have been answered, the ruling on this point is not reviewable.

By the fifth and sixth bills of exceptions it is shown that the plaintiff was allowed to be asked on cross-examination, over the objection of his counsel, certain questions in reference to the amount of his indebtedness to the defendant remaining unpaid at the time of the execution of the bill of sale we have mentioned. As the case was presented an in-

quiry as to the financial relations of the parties was relevant
and properly permitted.

The seventh and eighth exceptions have been abandoned.

The ninth exception is immaterial, the testimony it refers
to as being excluded at that point having already been offered
and admitted.

There was no error in the rulings on the 10th, 11th, 12th,
15th, 16th, 17th, 18th, 19th, 20th, 21st and 22nd exceptions.
They all relate to the admission of evidence which was clearly
pertinent to the issues.

The testimony objected to in the 13th and 14th exceptions
was similar in character to that involved in the 5th and 6th
exceptions, which we have held to be competent.

While the questions mentioned in the 23rd, 24th and 25th
bills of exceptions were relevant, it appears that the witness
to whom they were addressed had met the point of the in-
quiries in his previous examination by the same party, and
we see no error in the refusal to allow the questions to be
further pressed.

The 26th exception has reference to an offer of evidence
in rebuttal as to a fact about which the plaintiff had testified
in chief and which was a proper element of his case, as
primarily developed.    In declining to permit the subject to
be reopened in rebuttal the Court exercised a discretion with
which we find no occasion to interfere.    *Harris* v. *Hipsley,*
122 Md. 435.

The 27th exception questions the correctness of the Court's
action in excluding testimony proffered on behalf of the
plaintiff in rebuttal, with a view of proving his reputation
for honesty.    In *Dorsey* v. *Whipps,* 8 Gill. 457, the plaintiff,
in a suit for slander which imputed larceny, having proved
the words charged, and others not mentioned in the declara-
tion, the defendant offered evidence for the purpose of
justifying the *additional* words attributed to him, and the
plaintiff was then allowed, over objection, to prove his reputa-
tion for integrity.    This was held to be error.    But in *McBee*
v. *Fulton,* 47 Md. 431, the plaintiff, in order to rebut evi-
dence tending to justify a charge that he had made an inde-

cent exposure of his person, offered to prove that he was a man of good moral character, and while the offer, in this general form, was disallowed, he was permitted to show his good character for delicacy, modesty and chastity. This restriction was excepted to but was approved on appeal. It was held that the plaintiff's object being to repel the proof of justification and to show his innocence by evidence of good character, the testimony offered for that purpose should be confined to the traits involved in the imputed offence. The opinion in that case observed that upon the general question of character evidence, in actions like the present, there was much apparent conflict of authority; but it was found not to be necessary to review or attempt to reconcile the decisions on the subject as the specific point involved did not require a determination as to the general admissibility of proof in such cases as to the plaintiff's character.

The justification pleaded in the pending case was directed to the statement that the plaintiff was criminally liable for selling corn, upon which the defendant held a bill of sale, and failing to account for the proceeds. The use of the other defamatory words charged in the declaration was denied by the defendant both in his pleadings and in his testimony. It was undisputed in the case that the corn had been sold by the plaintiff and that he had not paid over the proceeds at the time of the alleged slander. According to his testimony, the purchase money for the corn had not been fully collected and he promised and intended to pay the whole amount to which the defendant was entitled. As tending to refute the theory that he had been guilty of any criminal intent in the transaction it was desired by the plaintiff to prove that he had a good reputation for honesty and integrity in the community in which he lived.

While there is a wide divergence in the decisions on the subject, we think the rule best supported by reason and authority is that where the words charged impute a crime and are sought to be justified by pleading and proof, the plaintiff should be allowed to prove his good reputation with

respect to the element of character affected by the defamation.    A number of the cases dealing with the question are collected in 25 *Cyc.* 514, and the statement of the text is that: "If the words charge a crime, it is generally held that plaintiff may show his good character in rebuttal of evidence in justification."    As remarked in *McBee* v. *Fulton, supra,* the question presented is the same as if the party "were on trial for the offense and sought to adduce evidence of character in his defense.    In such case the character to be proved must not be general, but such as would make it unlikely that the accused would be guilty of the particular crime with which he is charged."    The offer is here limited to proof of reputation for honesty and integrity, which are the only traits involved, and we think the proffered evidence on that subject should have been allowed to be introduced.

In order to simplify the discussion of the questions raised by the remaining exception, which is concerned with the prayers, the rule of liability announced on the former appeal will be restated.    As the evidence tended to support the theory that the words complained of were to be regarded as a privileged communication, in view of the defendant's interest, in common with that of the plaintiff, in the subject referred to, it was held that the existence of facts constituting such a privilege, if found by the jury, under suitable instructions, would exonerate the defendant unless it should appear, from unnecessary publicity in the utterance or otherwise, that he was prompted by actual malice.

At the second trial the plaintiff offered twenty prayers and the defendant five.    Of the plaintiff's prayers the 2nd, 7th, 9th, 11th and 15th were granted.    The 1st, 3rd, 4th, 5th, 6th, 13th, 14th, 16th, 17th, 18th, 19th and 20th prayers of the plaintiff disregarded the theory that actual malice must be found, to justify recovery, if the occasion was privileged, and they were, therefore, properly rejected.    The 8th, 10th and 12th instructions asked by the plaintiff were covered in principle by his granted prayers.

The defendant's 1st and 6th prayers were refused.    His

2nd, 3rd and 5th prayers, which were granted, correctly submitted the case to the jury upon the theory of the defence. The 4th prayer of the defendant, which also was granted, instructed the jury in substance, that if the plaintiff agreed to haul out and sell the mortgaged corn and pay the proceeds to the defendant to be applied on the plaintiff's indebtedness, and the plaintiff failed to make such payment, and before the occasion of the alleged slander the defendant learned that the plaintiff had sold two loads of the corn under an agreement, made without the defendant's knowledge, that the price should be credited on a debt the plaintiff owed the purchaser, then the defendant was justified in believing the plaintiff guilty of a crime and the verdict should be in the defendant's favor. This prayer was defective in ignoring the theory that if the defendant was actuated by express malice, he would not be relieved of liability on the ground that the communication was privileged. The evidence which, on the former appeal, was held legally sufficient to be submitted to the jury on the question of actual malice, is again before us in the present record. This feature of the case was left out of consideration altogether by the defendant's fourth prayer, and, in the event of a finding of the facts to which it alluded, and which were practically conceded, it directed a verdict for the defendant regardless of the material inquiry we have indicated. In the defendant's second prayer the issue as to the existence of express malice was distinctly submitted, but its omission from the 4th prayer made the instructions inconsistent to that extent and liable to cause misapprehension in the minds of the jury.

It is unfortunate that this case, which has already been tried twice, should have to be remanded for another trial, but we are unable to avoid that result as we could not reasonably hold that the appellant was not prejudiced by the rulings we have found to be erroneous.

*Judgment reversed, with costs, and new trial*
*awarded.*