No. 11.—JOHN JOHNSON and EDWARD J. BLACK, plaintiffs in error, *vs.* NEIL BALLINGALL, defendant in error.

Under the Judiciary Act of 1799, requiring the answer of the defendant to set forth plainly, fully and distinctly the cause of his defence, illegality of consideration cannot be given in evidence, under the plea of the general issue to an action of Assumpsit on a bill of exchange, at the instance of the holder against the drawer and acceptor.

An action of Assumpsit was instituted in Scriven Superior Court, on a bill of exchange drawn by John Johnson in favor of Henry Beaufort upon Edward J. Black, which was accepted, and afterwards transferred to Neil Ballingall. There was a verdict for plaintiff, and appeal entered by the defendants. On the final trial defendants attempted, under the *general issue*, to show illegality in the consideration of the instrument, to wit, that it had been given to compound a felony. The evidence was rejected, under the Judiciary Act of 1799, which requires the defendant to make his defence in writing, which shall plainly, fully and distinctly set forth the cause of defence. To this opinion of the circuit judge the defendants excepted, and the question is now presented for the determination of this court—whether or not there was error committed.

E. J. BLACK for plaintiff in error.

The ground alleged by the plaintiff in error is, that the court, under the plea of the general issue, ruled out testimony to prove the illegality of the consideration, or that the consideration of the bill was the compounding of a felony, prohibited by a statute of the State.

It is a well settled and established principle of law, that the illegality or insufficiency of a contract, by reason of any provision of the Legislature, may be objected, under *non-assumpsit* or *nil debet*, as, that the consideration was founded in gaming or usury, or that the agreement was not reduced to writing, or was not in pursuance of the Statute of Frauds.—1 *Ld. Raym.* 87 ; *Comyn's Dig. Plead.*, (2 G.) p. 8.

*Fulton Bank* vs. *Stafford*, 2 Wendell's Rep. 483 ; *Levy* vs. *Gadsby*, 3 Cranch, 180.

Even a total failure of consideration may be given in evidence, under the general issue ; so, if there has been a recision of the contract.—*Farrow* vs. *Mays*, 1 *Nott and McCord Rep.* 312.

In Assumpsit, everything which destroys the right of action may be given in evidence, under the general issue.—*Bailey et al.* vs. *Tabor et al.*, 5 *Mass. Rep.* 286 ; *Bank of Auburn* vs. *Weed*, 19 *Johns. Rep.* 300.

To an action upon a note to which non-Assumpsit was pleaded, the defendant may

prove that it was given for a tract of land, the titles and boundaries of which were mis-represented by the vendor.—*Shelton* vs. *The Ex. of Garey*, 1 *McCord's Rep.* 470.

From this authority it appears that the courts of Carolina adopt the rule established by the foregoing authorities in Massachusetts and New York, viz., that everything which goes to destroy the right of action may be proved under the general issue.

If the rule applies to evidence of misrepresentation or fraud, it applies with more reason to contracts void *ab initio.* It would be absurd to say that you could go into such evidence under non-Assumpsit, in actions where the contract was merely void-able, and not where it was absolutely void in its inception.

Even usury, under such a plea, can be given in evidence.—*Solomon & Co.* vs. *Jones et al.*, 1 (*Treadway's*) *Constl. Rep.* 144.

In relation to usury, our Act of 1843 requires it to be pleaded specially with notice, so as to make the defendant a witness where the plaintiff refuses to be sworn and to answer the defendant's interrogatories. This statute, however, is merely cumulative, and does not interfere with the general rule.

The decision of the court below is not sustained by the law or the practice of the courts, and is believed to be the first of the kind ever made in Georgia.

The general issue puts in issue every matter in avoidance of the contract. It totally denies the existence of any cause of action, and therefore puts in issue the legality as well as the consideration, according to the authorities. A consideration is deemed illegal when it is for dropping a criminal prosecution, or suppressing evidence, or soliciting a pardon, or compounding a felony or misdemeanor, or other public crime. —*Wallace* vs. *Hardacre*, 1 *Campbell's Nisi Prius*, 45 ; *Nerot* vs. *Wallace*, 3 *T. Rep.* 17 ; 7 *T. Rep.* 475 ; 11 *East Rep.* 46 ; 16 *East Rep.* 293 ; *Kinne*, January, 1846, 61.

But it may be contended that if the testimony was admissible it could not avail the defendant, when the bill was in the hands of the plaintiffs as a bona fide hold-er for a valuable consideration. The answer to this objection is, that a promissory note, or bill of exchange, according to the common law, given for a gambling debt, being void even in the hands of a bona fide holder, so a note or bill, the considera-tion of which was for compounding a felony, is likewise void.—See *Boyer* vs. *Bamp-ton*, 2 *Strange Rep.* 1155 ; *Campbell N. P.* 45 ; 7 *T. Rep.* 475.

The decisions of the English courts, made upon the statute 9. Ann, c. 14 sect. 1, establish that a bill of exchange, or promissory note given for a gambling debt is void even in the hands of a bona fide holder.—*Chitty on Bills*, 101. Such was the law in relation to usurious contracts, until the enactment of 58 Geo. III. ch. 93, which de-clares that bona fide holders of negotiable securities, without notice that they were given for usurious consideration, may recover upon them.—*Chitty on Bills*, 692.

A bona fide holder of a bill or note given for compounding a felony has no remedy on it. It being void from the beginning, it can never receive vitality by any act of the parties afterwards.

Wherever the contract is made illegal and void by a provision of the legislature, it is void even in the hands of a bona fide holder. Upon a contract merely voidable, an innocent holder may recover, but not when it is void in its very inception, and when its illegality follows it wherever it may be negotiated.—See 1 *Bay Rep.* 249. The innocent holder cannot even recover on the bill from the payee or maker, or any of the parties to it. He can only recover on the original consideration which he paid for it.

The defendant may insist on illegality of consideration, though some party between him and the defendant took the bill *bona fide*, and gave a valuable consideration for it, and the innocent holder can in such case only resort to the party from whom he received the bill, and then he cannot recover on the bill, but the original considera-tion.—*Payne* vs. *Trezevant*, 2 *Bay's Rep.* 23 ; *Wiggins* vs. *Bush*, 12 *John. Rep.* 306.

From the foregoing authorities, clearly applicable as they are to the point in issue, the court below has committed an error in ruling out the defendant's testimony, and he is unquestionably entitled to a new trial, with the instructions of this court to admit the testimony.

E. STARNES for defendant in error.

LUMPKIN, Judge, having stated the facts of the case, proceeded as fol-lows :—

Believing, as we do, that this case is controlled entirely by the judiciary act of 1799, we deem it unnecessary to notice the several grounds assumed by counsel for plaintiff in error, or to review the authorities adduced in support of them.    The fundamental policy of our legislature, from the beginning, seems to have been to simplify pleadings, and at the same time to promote by them the substantial ends of justice.    They have discarded, therefore, alike the diffusiveness and detail of the civil, and the technical accuracy and precision of the common, law.    Suits are conducted in our courts by *petition* and *answer*, resembling more a proceeding in equity than any other.    It is required of the plaintiff that he file his petition in writing—which shall contain the charge, allegation, or demand—plainly, fully, and distinctly set forth; and of the defendant, that he shall, on or before the last day of the term to which the petition is returnable, make his defence or answer in writing, which shall plainly, fully, and distinctly set forth the cause of his defence.    And what is the great object sought to be secured by this salutary provision?    Is it to pervert or prevent truth, by shrouding it in technical gibberish as has been both ignorantly and rashly charged?    Never was folly more fatal than to suppose so.    It is to apprise both parties what they will be called upon to meet on the trial, so that being seasonably notified, they may come with all of their proofs prepared for the occasion. It is to enable the jury to know upon what statements of facts they are to predicate their investigation and verdict, and to put it in the power of the court to know upon what issue it shall pronounce its judgment.    Would not any relaxation of the law produce surprise, misapprehension, and hopeless confusion?    We hesitate not to assert, that trial by jury and the system of pleadings, as heretofore practiced in our State and based as it is upon the very nature of things, will stand or fall together.  Courts of admiralty dispense with pleadings, and with them trial by jury also.    England made full experiment of the scheme so ingeniously defended by the plaintiff's attorney, and the result has been that among the numerous law reforms introduced of late into that kingdom, the judges have adopted new rules, under the acts of parliament passed for that purpose, wherein they have not only returned to the good old paths, which they had so unfortunately forsaken, but have, to render remedial justice still more perfect, " corrected the abuse of the general issue, by restricting its meaning and application to its original design and effect."—10 *Bing.* 453, 475.    In actions on bills of exchange and promissory notes, the plea of *non assumpsit* is no longer admissible in England, but a plea in denial must traverse some particular matter of fact.—*Greenleaf on Ev.* 2 *vol.* 7.    All matters in confession and avoidance, whether going to the original making of the contract, or to its subsequent discharge, must now be specially pleaded.—*Ib.*  Such distinctness of information is now considered indispensable, on principles of common justice, in the mother country; and hear the natural result of this return to their " pristine excellence :" These statutes and rules, says Mr. Warren, for the further amendment of the law, and the further amendment of justice, have already exercised a most suasible and benignant influence upon every department of litigation, with reference equally to suitors and practitioners ; saving, to the one, the destructive expense and procrastination so long deplored by all ; and to the other, simplifying and abridging the drudgery of their labors,

Johnson et al. *vs.* Ballingall.

rendering the practice of their profession, in a word, more systematic and scientific than ever.— *Warren's Law Studies*, 14. Shall we *retrograde*, by permitting the defendant, under the plea that he did not promise to pay the bill, to give in evidence proof that it was founded on an illegal consideration ; and that, too, against an innocent holder, presumed to be altogether ignorant of the consideration ? Would this be fulfilling the reasonable expectations of the venerated framers of our *Judiciary*, in requiring that each party be timely and distinctly informed, by the record of the proposition intended to be maintained by his adversary, at the trial, that he may come prepared to meet it ? We think not. Instead of the courts receding, our law-makers should take higher ground in this matter, and require of the plaintiff, as they do in some of our sister States, to file his replication in writing. We are already encountering serious inconvenience for want of this wholsome enactment ; and our records stultify us, whenever they are exhibited in foreign courts. An action of debt is brought on a promissory note, barred on the face of it. The statute of limitations is pleaded, and still there appears to be a recovery on the paper. This is inexplicable to strangers, who are uninitiated in the mystery of oral replications. So, to debt on a bond, the defendant pleads a release, to which the plaintiff verbally replies, it was given under duress, and upon this issue succeeds, although not a vestige of it remains on the records. As a court, we should feel ourselves inexcusably culpable, were we to countenance, by our sanction, evils so glaring, any further than we are constrained to do by the law as it is, one jot or tittle of which we will in no wise abate. Much of our present practice is in direct contravention of the Judiciary. Our effort and aim will be to uphold and maintain this magnificent monument of legal and juridical wisdom, in all of its length and breadth. Lord Brougham has been greatly eulogized for displaying a reach of intellect in advance of his age, and far beyond his cotemporaries in the reforms which he recommended in the civil and criminal code of his country. Any reader of his speeches will discover that many, yea, most of the plans, which he proposed, were embodied in our judiciary, and had been in practical operation for more than a quarter of a century before. We should be recreant to the highly responsible trust confided to our hands, were we to permit the foundations of this beautiful fabric to be undermined.

It is the opinion of this court, that the decision excepted to is correct and ought to be affirmed, and it is ordered that the same be certified to the court below.