### HOLBROOK *et al.* v. TOWN OF NORCROSS.

1. When a count in a petition is equivocal in its terms and capable of two constructions, one of which would let in a defense and the other would not, that construction will be adopted which is most favorable to the defendant and which will permit the defense to be made.
2. The act of a municipality in improperly causing water to flow upon and damage property of an individual located in the town is a positive tort, and the owner is not bound to do anything to avoid the consequences resulting from such an invasion of his property rights.

Argued October 28, — Decided November 12, 1904.

Action for damages. Before Judge Russell. Gwinnett superior court. July 4, 1904.

Plaintiffs, who were the owners of a lot in the Town of Norcross, brought an action against the town for damages to their property. The petition contained two counts. The first count was, in substance, as follows: During the year 1892, the town caused the water that theretofore accumulated on the main street of the town in a basin south and across the Southern Railway Company's line through the town from plaintiff's property, which had naturally theretofore run off in a southerly direction in drainage channels and ditches, to be negligently diverted from its natural and usual course, and forced in and upon the property of plaintiffs, their stable and garden lot, which since the year 1892 and up to the time of bringing the action has greatly injured and damaged plaintiffs, by causing the stable and garden lot to be badly washed and flooded in times of rains; the garden thus being made wet, washed, and unfit for cultivation and unproductive, and rendered unhealthy, whereby the enjoyment of the property was greatly diminished and its value greatly lessened, to

plaintiffs damage in the sum of $500.   The second count alleged:
During the year 1902 the Town of Norcross cut a ditch alongside
plaintiffs' hotel, and so elevated the outside of the sidewalk as to
throw a large portion of the water from the east side of the town
into the ditch and away from formerly-used ditches along the
street and sidewalk under the hotel and into a basement, flooding
it in time of rains, by which the walls of the hotel and basement
became saturated with water and cracked, causing the mortar and
bricks to fall out, and the foundations, plastering, sides, and par-
titions to be undermined and rendered weak and dangerous.
Plaintiffs have been thereby damaged in the sum of $500.   One
of the plaintiffs undertook to relieve the property from the effects
of defendant's acts, and he was arrested by the town authorities
and punished upon a charge of obstructing the sidewalks.   Before
the acts herein complained of, the water from the roof of the hotel
ran along where the defendant dug the ditch, at no time running
into or damaging the basement or hotel, or causing the same to
be wet, damp, and unhealthy.

The defendant pleaded a general denial as to both counts, and
the statute of limitations as to the first.   The trial resulted in a
verdict in favor of the defendant.   The plaintiffs complain that
the court erred in refusing to grant them a new trial.

*N. L. Hutchins* and *N. L. Hutchins Jr.*, for plaintiffs, cited
*Ga. R.* 69/544; 73/523; 75/110; 76/84; 78/276; 94/264;
103/150; 113/962; 115/337; 117/286; 118/590; Laws. R.,
R. & P. §§ 4010–11, 4015–17, 4025–6.

*D. K. Johnston*, for defendant, cited *Ga. R.* 65/376; 68/740;
78/241; 81/625; 95/129; 113/625; 14 Am. R. 499.

COBB, J.   1. There is language in the first count which would
indicate that it was the intention of the pleader to bring the
action as for a continuing nuisance, and there is also language
which would indicate that it was his intention to bring it for a
permanent injury to the property as a consequence of the work
done in 1892.   The concluding words of the count, which lay the
damages, and allege that the value of the property has been
greatly lessened in a stated sum, would indicate that the purpose
of the pleader was to sue for a permanent injury to the property
as the result of the original wrongful acts committed at the time

stated in the count.    The plaintiffs can not complain if that construction most favorable to the rights of the defendant is placed upon the count.    When so construed, the count will be held to be one for a permanent injury resulting from the original wrongful acts; and hence it was not erroneous to charge that the cause of action set forth in the first count of the petition was barred by the statute of limitations.

2. In charging the law in reference to the second count, the judge told the jury, in substance, that it was the duty of the plaintiffs to have controlled the water falling on their premises, and that if damage to the hotel building was caused by water falling from the plaintiffs' roof, they could not recover.    This charge is assigned as erroneous, for the reason that it is not applicable to the facts.    There was evidence from which the jury could find that the water from the roof of the hotel had been accustomed to fall upon the sidewalk and run into the street and be carried off in that manner; that the town authorities had caused the sidewalk around the hotel to be raised; and that the effect of this was to throw the water falling from the roof back upon the building, thereby damaging the property.    The general rule is that when one is injured by the negligence of another, the injured party is bound to lessen the damages as far as practicable by the use of ordinary care and diligence; but this rule does not apply in case of a positive tort.    Civil Code, § 3802.    In *Athens Manufacturing Company* v. *Rucker*, 80 *Ga.* 291 (4), it was distinctly held that whenever the right to enjoy one's property to its fullest extent is invaded, and injury results therefrom, he may recover any damages sustained by reason of such invasion, and he is not bound to do anything to avoid the consequences thereof.    See also *Satterfield* v. *Rowan*, 83 *Ga.* 187. The act of the Town of Norcross, in causing the water falling from the plaintiffs' roof to run back upon their property, instead of passing off in the manner in which it had been accustomed to flow, was a direct invasion of the plaintiffs' property rights, and similar to the acts which were complained of in the two cases cited. . The charge was erroneous, and the error was of such a character as to require the granting of a new trial.

*Judgment reversed.    All the Justices concur.*