## 16394.   KERR *et al. v.* DUPREE *et al.*

STEPHENS, J.  1. The measure of damages for tortiously procuring one to break his contract with another is the damage suffered by the latter consequent upon the breach.

2. Where, by the terms of a contract between a real-estate broker and the owner of real estate the broker is given the exclusive listing of the property for sale, and is to receive as compensation for effecting a sale of this property, as well as compensation for a prior sale of other real estate which the broker has effected for the owner, fifty per cent. of the amount received in excess of $50,000 for the owner's equity in the property to be sold, and where the broker has through his efforts procured a purchaser ready, able, and willing to purchase the property, and who offers to do so upon the terms of the owner, the amount recoverable by the broker as damages, against one who tortiously conspires with and procures the owner to consummate the sale independently of the broker, either by making a sale to the customer procured by the broker or to another person, and thereby breaking the contract with the broker and defeating him in the collection of his compensation, is the amount which he would have earned under the terms of the contract.

3. Where the compensation contracted to be paid to the broker by the owner included compensation for prior services rendered by the broker to the owner in effecting the sale of other real estate belonging to the owner, a breach by the owner, as indicated in paragraph 2 above, in failing to pay the broker the compensation earned, will not authorize the broker to rescind the contract by which he was to obtain a compensation of fifty per cent. of the amount received by the owner in excess of $50,000 for his equity in the property to be sold, as the broker's compensation for selling both pieces of real estate. The broker's damage is as indicated in paragraph 2 above, and is not the amount of a commission which the owner had contracted to pay to the broker under the first contract, which had become merged into the latter contract, and is not the amount of a commission at the customary rate upon the purchase price of the last piece of property sold.

4. In a suit by the broker against the owner and others to recover damages resulting from an alleged conspiracy or a joint act of the defendants causing and procuring the owner to break a contract of sale effected by the broker with the prospective purchaser, and thereby defeating the broker in his efforts to collect a compensation earned by him in effecting the sale, where the broker alleged that the sale which he effected was an agreement between the owner and the prospective purchaser whereby the owner was to exchange his property for property of the prospective purchaser, and where the broker alleged his damages in two counts, in one of which he alleged that his damage was an amount equal to fifty per cent. of the excess over $50,000, the selling price in the trade of the owner's equity in the property sold, and a commission at a certain per cent. upon the property taken in exchange, and in the

Brokers, 9 C. J. p. 579, n. 44 New; p. 673, n. 80 New.
Conspiracy, 12 C. J. p. 543, n. 20; p. 639, n. 90.
Damages, 17 C. J. p. 868, n. 51; p. 1061, n. 79.
Husband and Wife, 30 C. J. p. 626, n. 13.

other of which counts he alleged that his damage was the amount of a commission at a certain per cent. upon both pieces of property represented in the trade, and also a commission upon the real estate which the broker had on a former occasion sold for the owner, and where the verdict was in an amount representing a commission at a certain per cent., as alleged and sued for in the petition, upon the selling price of the real estate sold belonging to the owner, and which, under the ruling in paragraph 1 above, was not the legal measure of damages, the court erred in not instructing the jury as to the measure of damages. The verdict for the plaintiff was not legally authorized. For a statement of the allegations in the plaintiff's petition, see *Luke* v. *DuPree*, 158 *Ga.* 590 (124 S. E. 13).

5. Where a real-estate broker has found a purchaser for property listed with him by the owner for sale, and the owner interferes with the negotiations, either for the purpose of defeating the broker in the collection of compensation or for the purpose of furthering a consummation of the trade by obtaining an amelioration in the terms of certain incumbrances on the property which the prospective purchaser must assume, and by such interference causes another person to purchase the property and to immediately resell and convey it to the prospective purchaser procured by the broker, upon terms less onerous than the terms originally agreed upon in the trade negotiated by the broker, such purchaser procured by the owner is not guilty, either through a conspiracy or a joint act or otherwise, of causing a loss to the broker by reason of the failure of the owner to pay the broker the compensation earned, where the purchaser acted bona fide and for his own legitimate interest and in ignorance of the existence of any contract between the owner and the broker.

6. Where the purchaser procured by the owner was the wife of a former owner of the property, and was procured through the instrumentality of the husband, who was liable for incumbrances upon the property, the husband was not the agent of the wife in her purchase of the property, and any knowledge which he may have had of the existence of the contract for commissions between the owner and the broker, or any intention which the husband may have had to aid in the defeat of the collection of compensation by the broker, was not imputable to the wife.

7. It appearing from undisputed evidence that the purchaser procured by the owner, which purchaser was the defendant Mrs. Magnolia Kerr, had no knowledge of the contract between the owner and the broker, and that her husband did not act as her agent in negotiating her purchase of either of the pieces of the property, the verdict against her was without evidence to support it.

8. It appearing from undisputed evidence that the only connection that the defendant Mrs. Mattie Luke had with the transaction was to consent to take, and to take, a deed conveying to her the property which, under the terms of the trade negotiated by the broker, was to be taken by the owner, her husband, in exchange, which deed was destroyed and which plan was abandoned, and which property was afterwards deeded to the defendant Mrs. Magnolia Kerr, and that no act of Mrs. Mattie Luke contributed in any manner to the consummation of the trade actually

made and which it is alleged caused the plaintiff's damage, the verdict against her was without evidence to support it.

9. Except as indicated, no error appears.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1926.

Complaint; from Fulton superior court—Judge E. D. Thomas. February 10, 1925.

*Weltner & Sims, Anderson, Rountree & Crenshaw,* for plaintiffs in error.

*Hill & Adams, Colquitt & Conyers,* contra.