25424. CITY OF ROME *v.* BROWN.

DECIDED JUNE 9, 1936. REHEARING DENIED JULY 6, 1936.

*W. B. Mebane,* for plaintiff in error. *Maddox & Griffin,* contra.

SUTTON, J. A. D. Brown, after furnishing the City of Rome with the required statutory notice of his claim, filed his action for damages against said municipality, alleging that he was the owner of a certain house and lot in said city, fronting 50 feet on East 12th Street; that during the fall of 1931, and the winter of 1932, the defendant, acting by and through its duly authorized agents and employees, the Minge Construction Company, raised the street and sidewalk in front of plaintiff's property about 14 inches, "thus forming a dam, so that water falling on said property and running thereon in its natural course can not escape and drain therefrom, but is caused to stand and pond;" that before this the water did not pond on plaintiff's property but drained off into a ditch, but now, after a rain, the water stands for days on his lot and until it sinks into the ground, thus causing the ground to be wet and damp at all times except in "extreme dry weather;" that as a result of the water so standing on this property the sills and floors of a house located there have rotted out, and it has become necessary to replace the sills and floor to the back porch thereof at a cost of $20, and it is necessary that the sills and floor to the re-

mainder of the house be replaced, which will cost $100; that water so standing and ponding on plaintiff's lot has caused mosquitoes to breed, and two of his children to become sick, as set out; that the defendant was negligent in raising the street and sidewalk without putting in drains to take care of the water and prevent it from so standing and ponding on plaintiff's lot, which "is a continuing nuisance for which the defendant is liable;" that before the acts complained of the plaintiff's property had a reasonable market value of $1200, but that now its reasonable market value does not exceed $900; and that defendant, by reason of the foregoing facts, has damaged plaintiff in the sum of $400. The defendant filed its general demurrer to the petition, and to a judgment overruling the demurrer it excepted.

The petition, both on the question of negligence and on the question of a nuisance, presents a matter for determination by a jury, and the judge properly overruled the demurrer. When a municipality, in constructing a public improvement, so obstructs the natural flow of surface-water as to cause the water to pond on the land of an abutting owner, and the city provides no means of outlet for such water, it becomes liable to the property owner for any damages occasioned to his property thereby. Also, if the ponding of such water on private property constitutes a nuisance which the city fails to abate, the municipality may be held liable. The plaintiff charges that the city was negligent in raising the street and sidewalk above the level of his lot, thus causing surface-water to accumulate and pond upon his property, without providing any drain or outlet to take care of such accumulated water. The raising of the street and sidewalk by the city in front of the plaintiff's property, thereby damming up the surface-water and causing it to pond thereon, which but for said obstruction would flow off plaintiff's property, without providing any outlet for such surface-water, was negligence on the part of the municipality and would render it liable for damages to adjacent property caused by the water overflowing and ponding thereon. Code, § 69-301; *Maguire* v. *Cartersville*, 76 *Ga.* 84; *Brunswick* v. *Tucker*, 103 *Ga.* 233, 236 (29 S. E. 701, 68 Am. St. R. 92); *Massengale* v. *Atlanta*, 113 *Ga.* 966 (39 S. E. 578); *Langley* v. *Augusta*, 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133); *City of Albany* v. *Simon*, 36 *Ga. App.* 166 (136 S. E. 100); *Harris* v. *Rome*, 10 *Ga. App.* 409 (73 S. E. 542); *City*

*of Atlanta* v. *Trussell,* 21 *Ga. App.* 340, 343 (94 S. E. 649) ; *Bass Canning Co.* v. *Milledgeville,* 174 *Ga.* 222 (162 S. E. 687) ; *Lewis* v. *Moultrie,* 27 *Ga. App.* 757 (110 S. E. 625) ; *Holbrook* v. *Norcross,* 121 *Ga.* 319 (48 S. E. 922). See also 43 C. J. 1124 et seq., 1143-1146.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

ON MOTION FOR REHEARING.

Sutton, J. The plaintiff in error (defendant in the suit) contends in its motion for rehearing, as it did in the original brief before this case was decided, that the petition did not allege that the plaintiff was the owner of the property at the time the defendant raised the street and sidewalk in front of his property. In the petition it was alleged "that petitioner is the owner and in possession of the house and lot known as 116 East 12th Street, City of Rome, being the place where petitioner resides; . . that during the fall of 1931 and winter of 1932 the defendant . . raised the street and sidewalk in front of said property;" that "since the raising of said street and sidewalk, after a rain the water stands for days on said property and until it sinks into the ground, causing said lot to be wet and damp at all times except in extreme dry weather;" . . "that said City of Rome was negligent in raising said street and sidewalk without putting in drains so as to take care of the water and prevent it from standing and ponding as alleged; and that the same is a continuing nuisance for which the defendant is liable." The defendant filed a general demurrer; but no special demurrer was filed, raising the question of ownership at the time the street and sidewalk were raised. The petition certainly does not affirmatively show that the plaintiff was not the owner when the street and sidewalk were raised. It does allege ownership and possession by plaintiff, and that the alleged injury to his property is a continuing nuisance. He could recover for any damage accruing to the property after he became the owner, where there was liability against the city on account of its alleged acts in respect to raising the street and sidewalk in front of this property. *Langley* v. *Augusta,* 118 *Ga.* 598 (45 S. E. 486, 98 Am. St. R. 133) ; *Mayor &c. of Brunswick* v. *Tucker,* 103 *Ga.* 233, 234 (29 S. E. 701, 68 Am. St. R. 92) ; *Allen* v. *M., D. & S. R. Co.,* 107 *Ga.* 838 (33 S. E. 696). Under the case made by the petition, the question of plaintiff's ownership of the property and when he

acquired it is a matter to be determined by the evidence on the trial of the case.

The authorities cited by counsel for the municipality were not overlooked in the consideration of this case. All of these cases, except *Allen* v. *M., D. & S. R. Co.,* supra, were dealing with the question of the evidence failing to show that the plaintiff owned the premises at the time of the damage thereto. In the *Allen* case, the question was raised by special demurrer; and the principle was announced that where the damage was occasioned by a continuing trespass, the plaintiff could recover only for damages to the property sustained after he acquired it. The cases cited by counsel for plaintiff in error are not applicable to or controlling of the question now presented, under the allegations of the petition. The motion for rehearing is denied.