31372.   ROOD *v.* NEWMAN *et al.*

Decided January 18, 1947.

*William S. Shelfer, Young H. Fraser,* for plaintiff.

*Alex M. Hitz,* for defendants.

BROYLES, C. J. (After stating the foregoing facts.) The plaintiff did not sue Huey, the owner of the property, to recover his alleged commission due him under the contract with Huey, but it is evident that the action sounds in tort, and was brought upon the theory that the defendants maliciously conspired together to induce Huey to break his contract with the plaintiff, to the damage of the plaintiff. In such a case it is unnecessary to join with the two defendants other parties who may have participated in the conspiracy. "In all cases he who maliciously procures an injury to be done to another, whether it is an actionable wrong or a breach of contract, is a joint wrongdoer and may be sued either alone or jointly with the actor." Code, § 105-1207. In *Luke* v. *DuPree,* 158 *Ga.* 590 (124 S. E. 13), which involved the alleged malicious breaking of contracts for the sale or exchange of realty, to the damage of the plaintiffs, headnotes 1, 2, and 3 read: "It is actionable maliciously and without justifiable cause to induce one to break his contract with another to the damage of the latter. The term 'maliciously' means any unauthorized interference or any interference without legal justification or excuse; and ill will or animosity is not essential. The petition sets forth an action in tort for which each defendant could be sued alone or all jointly. . . The petition sufficiently alleges that contracts have been broken, that the defendants either conspired to procure their breach or did in fact procure their breach, and that the plaintiffs have been injured in consequence of such breaches procured through conspiracy." And in the opinion in that case the court, on p. 597, said: " On the theory that the parties to a contract have a property right therein, any 'act of another which unlawfully interferes with such enjoyment is a cause of action.' Civil Code (1910), § 4470 [Code, § 105-1401]. It is true . . that where civil liability for conspiracy is sought to be imposed, the conspiracy itself furnishes no cause of action, and that the gist

of the action is the damage and not the conspiracy. In the instant case, the plaintiffs do not contend that the conspiracy of the defendants to break the contracts involved furnishes a cause of action; but they do contend that the breaches of these contracts were unlawful, and that, when the defendants conspired to commit these breaches and the contracts were broken in pursuance of such conspiracy, a cause of action accrued to them. So we reach the conclusion that, under the facts stated in the petition, the truth of which the demurrer admits, the petition sets out a cause of action; and the court properly overruled the grounds of general demurrer." To the same effect, see *Moore* v. *Roberts*, 55 *Ga. App.* 268 (190 S. E. 41). The cases cited in behalf of the defendants are not applicable to this case.

In our opinion, the petition set out a cause of action; and the court erred in sustaining the general demurrer thereto.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*