39339.   BARNETT v. EUBANKS *et al.*

DECIDED APRIL 16, 1962.

750

*George H. Kasper, Jr., Mildred L. Kingloff,* for plaintiff in error.

*Mitchell, Clarke, Pate & Anderson, Haas, Holland & Zinkow, Wm. M. Sinrich,* contra.

BELL, Judge. Plaintiff contends that the trial court erred in sustaining the general demurrers of defendants, since the petition stated a cause of action against them for conspiring to deprive her of the commission allegedly earned by being the procuring cause of the sale of the property.

Defendant Eubanks, the seller, contends that the obligation to the plaintiff to pay commission, if any was due her, was in contract or quasi-contract but not in tort. Defendant Weiss contends that the plaintiff had no right to the commission, since

the owner may sell his property even though he has employed agents to sell it; and that plaintiff has alleged no improper acts or methods to give effect to the allegation of conspiracy.

Even though an owner has placed property with a broker to sell, unless otherwise agreed, the owner may sell it. *Code* § 4-213. The petition in the present case does not charge that there was any agreement to prevent the owner from selling the property himself. "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." *Code* § 4-213. The petition here asserts that the oral listing of the property by the owner provided that the price was to be $16,000 net to him, and the asking price would be $16,850 in order for the plaintiff to recover her 5 percent commission of $842.50. The petition alleges that the sale made by the owner to the buyer, who was allegedly obtained by the plaintiff, was at a price $350 less than the price the owner had fixed in his contract with the agent, but the owner obtained $500 more by the sale.

*Code* § 4-213 provides that the broker's commission is earned when he finds a purchaser ready, willing, and able to buy who actually offers to buy on the terms stipulated by the owner. In order for the agent to recover, the offer to buy must be in the exact terms stipulated. "The offer must be accepted 'unequivocally and without variance of any sort'." *Gray v. Lynn*, 139 Ga. 294, 296 (77 SE 156). See also *Weldon v. Lashley*, 214 Ga. 99 (103 SE2d 385), reversing *Weldon v. Lashley*, 96 Ga. App. 761 (101 SE2d 779). Also *Hyams v. Miller*, 71 Ga. 608, 618; *Doonan v. Ives & Krouse*, 73 Ga. 295; and *Emery v. Atlanta Real Estate Exchange*, 88 Ga. 321 (14 SE 556).

"If no cause of action is otherwise alleged, the addition of allegations concerning conspiracy will not make one. . ." *Cook v. Robinson*, 216 Ga. 328, 329 (4) (116 SE2d 742). And see *National City Bank of Rome v. Graham*, 105 Ga. App. 498 (125 SE2d 223). "Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the

plaintiff and the resulting damage." *Vandhitch v. Alverson,* 52 Ga. App. 308, 310 (1) (183 SE 105). Also see *Woodruff v. Hughes,* 2 Ga. App. 361 (1) (58 SE 551); *Bentley v. Barlow,* 178 Ga. 618 (173 SE 707); *Peoples Loan Co. v. Allen,* 199 Ga. 537, 558 (34 SE2d 811); *Walker v. Grand International,* 186 Ga. 811, 820 (199 SE 146).

While, under the petition, the defendant seller sold the property for $350 less than the price at which he listed it with the plaintiff agent, he received, by reason of the conspiracy alleged between himself and the buyer by which the agent was eliminated from the transaction, $500 more for the property than he would have obtained had he sold through the agent and paid the commission. The petition alleges that, prior to the execution of their sales contract, each defendant had full knowledge of the contract of the defendant seller with the plaintiff, and further that the plaintiff was the procuring cause of the sale and that the conspiracy between the buyer and seller resulted in fraudulently depriving plaintiff of her real estate broker's commission in the amount of $842.50.

Here the buyer and seller allegedly conspired together to eliminate the agent, and in effect, to divide the agent's commission between them. A cause of action for conspiracy will lie in favor of the agent who is thus deprived of the commission. *Rood v. Newman,* 74 Ga. App. 686 (41 SE2d 183).

It is contended on behalf of the defendants that the *Rood* case is distinguishable from the facts here because there the title was taken in the name of a third party. This contention has no merit. Whether the broker is deprived of his commission by the buyer misrepresenting that he was no longer interested in the property, or the buyer obtains the property through a "straw man," the conspiracy in either case is actionable and obviously the damage to the broker is the same.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*