### 40091. LUNDIN et al. v. KUNIANSKY.

Hall, Judge. This is a suit by a real estate broker against the sellers of property, and the purchasers with whom they consummated the sale, to recover commissions for services performed in procuring the purchasers. The case was tried without a jury by the judge who rendered judgment for the plaintiff against the defendant sellers, and in favor of the defendant purchasers. The losing defendants assign error on the overruling of their motion for new trial on the general grounds. *Held:*

"Where property placed in the hands of a broker for sale is subsequently sold by the owner, the broker is entitled to the commission if he was the procuring cause of the sale, although the sale was actually consummated by the owner. . . In determining whether a broker has earned his commission for procuring a purchaser, it is not necessary that his services shall have been the sole cause, but it is enough if the efforts of the broker, acting on the purchaser, are the efficient cause of his offer." *Arnold v. Jowers,* 102 Ga. App. 29, 30 (115 SE2d 623); accord *Thornton v. Lewis,* 106 Ga. App. 328 (126 SE2d 869).

There was evidence that the sellers listed their house in April 1960 with several realty brokers, including the plaintiff. The plaintiff's agents showed the house to the purchasers, and thereafter the sellers took the house off the market. In early October the sellers contacted the plaintiff's agent and told him, "My house is back on the market . . . we are going to reduce the price." On October 23 the agent made an appointment with the purchasers to go to see the house that afternoon and telephoned the seller and told him this and

later notified the seller that the purchasers had postponed the appointment to the following Tuesday. The same evening the seller called the agent and told him the purchaser had been to his house "claiming they never met you or your wife or anybody in your organization." The sellers testified that they ran a newspaper ad themselves on October 9 and the purchasers came to see the house on the same date in response to the ad. On November 1 the purchasers made an offer which the sellers accepted, and the sellers and purchasers entered into a written agreement on November 7. There was contradictory testimony on all important issues of fact.

There was some evidence to support a finding that the property was listed with the broker at the time the parties agreed upon the sale, that the broker was the procuring cause of the purchase, or that the efforts of the broker acting on the purchaser were the efficient cause, whether or not they were the sole cause, of the purchaser's offer. Accordingly, the trial judge having exercised the discretion vested in him by law in approving the verdict and judgment and overruling the general grounds of the motion for new trial, this court cannot hold that he erred in denying a new trial. *Kendrick v. Kendrick*, 218 Ga. 460, 461 (128 SE2d 496).

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED MAY 14, 1963.

*Robert W. Spears, Wm. G. Grant,* for plaintiffs in error.
*Arnold Shulman, Aaron I. Alembik,* contra.