22167. FORD MOTOR COMPANY v. WILLIAMS et al.

ARGUED OCTOBER 15, 1963—DECIDED NOVEMBER 12, 1963—REHEARING DENIED NOVEMBER 26, 1963.

506

*Hansell, Post, Brandon & Dorsey, J. William Gibson,* for plaintiff in error.

*Benjamin B. Blackburn, III, Peek & Blackburn, Ezra E. Phillips,* contra.

HEAD, Presiding Justice. The Code provides that every person shall be liable for torts committed by his servant by his command "or in the prosecution and within the scope of his business." *Code* § 105-108. Construing this Code section, this court in *Greeson v. Bailey,* 167 Ga. 638 (146 SE 490), held: "If injury is done by the servant *not in the prosecution or scope of his business,* the master is not liable. . . The servant must be acting *both* in the prosecution and within the scope of his business." See also *Lee v. Nelms,* 57 Ga. 253, 257 (2); *Frazier v. Southern R. Co.,* 200 Ga. 590 (2) (37 SE2d 774).

In the present case the plaintiff in paragraph 4 alleges only that the servant was acting within the scope of the master's business, and in paragraph 5 the positive allegation is made, not that the servant was seeking to recover property of the master, which was the sole extent of his authority under the allegations of paragraph 3, but that the servant "entered upon and into the premises and home of the plaintiff . . . for the purpose of removing therefrom personal property belonging to the plaintiff."

The Court of Appeals in its opinion relies upon the language of this court in *Toler v. Goodin,* 200 Ga. 527, 534 (37 SE2d 609), that ". . . it is a well-settled rule of construction that what is clearly implied is as much a part of a pleading as what is expressed; and considering the instant petition as a whole, we think that the requisite allegation was necessarily implied." Any attempt to apply this statement from *Toler v. Goodin,* supra, to the present case would be a distortion of the rules of construction. The rule in the *Toler* case was based upon an implication from other pleaded allegations, while in the present case we are confronted with a definite, positive, unambiguous statement by the pleader that the servant of the defendant entered the plaintiff's home, not for the purpose of recovering his employer's property, but for the purpose of removing therefrom property of the plaintiff, and this allegation in each of the three counts of the petition is nowhere withdrawn in subsequent allegations. But an application of the statement in *Toler v. Goodin,* supra, (which was not a fullbench decision), should not be made even if in point here since it is in direct conflict with older decisions of this court which are controlling. "A bill in equity, which merely recites the proof, from which the fact intended to be put in issue may be inferred, is defective. It should positively affirm or deny the truth or falsehood of the matter in dispute." *Wright v. Hicks,* 15 Ga. 160 (3). See also *Holbrook v. Town of Norcross,* 121 Ga. 319 (48 SE 922) ; *Maynard v. Armour Fertilizer Works,* 138 Ga. 549 (5) (75 SE 582) ; *Bailey v. B. F. Goggins Granite &c. Inc.,* 192 Ga. 72, 74 (14 SE2d 568) ; *Florida State Hospital &c. v. Durham Iron Co.,* 194 Ga. 350, 355 (5) (21 SE2d 216).

It has been the law of this State since the passage of the Judiciary Act of February 16, 1799, that the plaintiff shall "plainly, fully, and distinctly" set forth his cause of action. Cobb's Digest 1851, p. 470; *Code* § 81-101. In *Johnson v. Ballingall,* 1 Ga. 68, 70, in applying the Judiciary Act of 1799, this court said: "It is required of the plaintiff that he file his petition in writing—which shall contain the charge, allegation, or demand—plainly, fully, and distinctly set forth; and of the defendant, that he shall, on or before the last day of the term to which the petition is returnable, make his defense or answer in

508

writing, which shall plainly, fully, and distinctly set forth the cause of his defense." Later in the same opinion (at page 71) the court stated: "Our effort and aim will be to uphold and maintain this magnificent monument of legal and juridical wisdom, in all of its length and breadth."

In *Murphy v. Lawrence,* 2 Ga. 257, 258, it was said: ". . . the facts must be so plainly and fully and distinctly set forth as to inform the opposite party of the grounds of the plaintiff's action, to enable the jury to find an intelligible and complete verdict, and to enable the court to declare distinctly the law of the case. . . Neither at common law, nor under our Statute, has this rule been dispensed with." See also *Dill v. Jones,* 3 Ga. 79.

While it is true that this court in subsequent decisions over the years has used language in opinions construing pleadings indicative of some relaxation of the requirement that the plaintiff shall plainly, fully, and distinctly set forth his demand, the court generally has applied the rule of strict construction and has construed doubtful language against the pleader. The general rule of construction was stated in *Krueger v. MacDougald,* 148 Ga. 429 (1) (96 SE 867), as follows: "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." For some of the fullbench decisions by this court applying this rule see *James v. Maddox,* 153 Ga. 208 (111 SE 731) ; *Green v. Spears,* 181 Ga. 486, 490 (182 SE 913) ; *Moore v. Moore,* 188 Ga. 303, 305 (4 SE2d 18) ; *Gormley v. Eison,* 189 Ga. 259, 264 (5 SE2d 643) ; *Marlin v. Hill,* 192 Ga. 434, 440 (15 SE2d 473) ; *McEntire v. Pangle,* 197 Ga. 414 (29 SE2d 503) ; *Spence v. Erwin,* 197 Ga. 635, 641 (30 SE2d 50, 154 ALR 1057) ; *Crenshaw v. Crenshaw,* 198 Ga. 536 (32 SE2d 177) ; *County Bd. of Educ. of Wilcox County v. Board of Commissioners &c. of Wilcox County,* 201 Ga. 815, 819 (41 SE2d 398) ; *Hames v. City of Marietta,* 212 Ga. 331 (92 SE2d 534) ; *East Georgia Motor Club v. AAA Finance Co.,* 212 Ga. 408, 410 (93 SE2d 337) ; *Seaboard*

*Air Line R. Co. v. Wilkinson,* 216 Ga. 338 (2) (116 SE2d 588) ; *Brewton v. McLeod,* 216 Ga. 686, 695 (119 SE2d 105) ; *Strother v. Kennedy,* 218 Ga. 180 (4) (127 SE2d 19). The rule in *Krueger v. MacDougald,* supra, has been cited and applied many times by the Court of Appeals. For a few of the later cases of the Court of Appeals applying the rule see *Henderson v. Baird,* 100 Ga. App. 627, 632 (112 SE2d 221) ; *Estes v. State Hwy. Dept.,* 103 Ga. App. 406, 408 (119 SE2d 136) ; *Home Federal Savings &c. Assn. v. Hulsey,* 106 Ga. App. 171 (126 SE2d 541).

Courts of this State are not authorized to revise the applicable rules of construction to a pleading on the concept that definite, positive, and unambiguous allegations may be treated as "mere trivialities that may seem to lie as obstructions to substantial justice." *Ford Motor Co. v. Williams,* 108 Ga. App. 21, 24 (132 SE2d 206). Justice in this State is nothing more, or less, than a determination of rights under the applicable rules of law. The allegations of the plaintiff's petition refute his right to recover against Ford Motor Company for acts of its agent, which the plaintiff shows to be outside of and beyond the scope of the agent's employment and not in the prosecution of the master's business.

Each of the three counts of the petition was fatally defective as to the defendant Ford Motor Company. The trial judge erred in overruling its general demurrers and the Court of Appeals erred in affirming this judgment.

*Judgment reversed. All the Justices concur.*