41524. CREETY v. DOTSON ELECTRIC COMPANY, INC.

Hall, Judge. The plaintiff sued for a loss resulting from thawing of frozen foods caused by the alleged breach of an oral contract for wiring the refrigeration equipment in the plaintiff's store, the thermostat of the frozen food freezer having been connected to the compressor of the walk-in cooler and the thermostat of the walk-in cooler connected to the compressor of the freezer. There was a verdict and judgment for the defendant, and the plaintiff assigns error on the overruling of his motion for new trial on the general grounds.

The plaintiff's testimony was that he had employed the defendant to wire the compressors, thermostat controls, and lights for the refrigeration equipment which had been installed in his store by a refrigeration company, and that the refrigeration company had positioned the compressors and the coolers. The evidence presented by the defendant was that the defendant was employed to hook up equipment furnished and installed by the refrigeration company and to connect the thermostats as directed by the refrigeration company, and that the defendant did connect the thermostats as directed by employees of the refrigeration company. *Held:*

We cannot say that this evidence as a matter of law does not support the verdict, importing a finding that the defendant did not breach the contract. Whether or not the testimony as to the instructions given the defendant's employee by the refrigeration company, admitted without objection, was hearsay as contended by the plaintiff, the evidence, exclusive of this, was sufficient to support a finding that the defendant performed the contract.

The trial court did not err in overruling the motion for new trial. *Lundin v. Kuniansky,* 107 Ga. App. 774, 775 (131 SE2d 219); *Kane v. Standard Oil Co.,* 108 Ga. App. 602 (133 SE2d 913); *Flowers v. Johnson,* 109 Ga. App. 1 (134 SE2d 884).

> *Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED SEPTEMBER 17, 1965— REHEARING DENIED OCTOBER 1, 1965.

*Platon P. Constantinides,* for plaintiff in error.
*Long, Weinberg & Ansley, Palmer H. Ansley,* contra.