41454. WOODALL v. McEACHERN et al.

214

ARGUED SEPTEMBER 13, 1965—DECIDED JANUARY 28, 1966—
REHEARING DENIED FEBRUARY 15, 1966—

*Schwall & Heuett, Emory A. Schwall,* for plaintiff in error.

' *Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., McChesney H. Jeffries,* contra.

BELL, Presiding Judge. The petition in this case seeks to assert a cause of action in tort for a conspiracy to deprive plaintiff of real estate commissions. Named as respondents are McEachern, the purchaser, The First National Bank of Atlanta allegedly a party confidant of McEachern engaging in the conspiracy, John Maddox a real estate agent who ultimately received the commissions on the property, and Dickey-Mangham Co., Inc., the employer of Maddox.

There is no doubt that a cause of action may be based on a tort ensuing from a conspiracy to deprive a real estate broker of commissions *earned* in a real estate transaction. *Barnett v. Eubanks,* 105 Ga. App. 749 (125 SE2d 571); *Kerr v. DuPree,* 35 Ga. App. 122 (132 SE 393). Where the sale is made directly by the owner to the purchaser, or through a "straw man," or through another agent, the commission of the tort may be established by the inducing of a breach of a contract between the seller and the broker (the most common) or by showing a wrongful interference with the broker and the purchaser where sufficient facts are alleged to demonstrate that the plaintiff-broker is the procuring cause or the efficient cause of the ultimate sale. See 9 ALR 1189; 97 ALR 1273; 146 ALR 1410; 12 ALR2d 1352.

"The broker's commissions are earned when, during the agency, he finds a purchaser ready, able and willing to buy, and who actually offers to buy on the terms stipulated by the owner." *Code* § 4-213. While there is a plethora of cases dealing with the application of this Code section under various factual situations, it is manifest throughout all of the cases that the gist

of an action by a broker to recover commissions is the showing that the plaintiff-broker was the procuring or efficient cause of the sale. See annotations Code Ann. § 4-213 and 12 CJS 207, Brokers, § 91. Thus, in either type of action it is essential to allege facts sufficient to show that the plaintiff broker was the procuring or efficient cause of the sale. In absence of alleging those essentials, there can be no contract breached in the first instance nor a conspiracy coupled with a wrong done in the second.

The present petition fails utterly to allege these essentials or facts from which an inference of their existence is demanded. To withstand a general demurrer it is essential for a petition either (1) to allege the ultimate fact or (2) to allege facts from which the inference of the ultimate fact is demanded. *Ford Motor Co. v. Williams,* 219 Ga. 505 (134 SE2d 32). A petition "which merely recites the proof, from which the fact intended to be put in issue may be inferred, is defective. It should positively affirm or deny the truth or falsehood of the matter in dispute." *Williams,* supra, p. 507, and citations. It is not enough that facts are pleaded from which inferences *may be drawn* of the ultimate fact, rather it is essential that the pleaded facts must *demand* that inference.

The petition shows that plaintiff had no exclusive listing of the realty. Further, it is affirmatively alleged that plaintiff did not inform his principal that McEachern was a prospect. Reduced to its material essence all the petition alleges is that plaintiff showed to McEachern the realty which McEachern ultimately bought and exercised some unilateral salesmanship in attempting to sell the property. There is no showing that McEachern himself had displayed to plaintiff any particular or unusual interest in the realty, or had seriously considered purchasing it. On the contrary the petition affirmatively alleges that McEachern prior to his purchase told the plaintiff that he was not interested in the property. Nothing is alleged negating the inference that McEachern was telling the truth.

Otherwise, the petition is replete with extraneous allegations treating with the particulars of a sale by another owner to McEachern of realty not involved in this suit and for which, as the

procuring cause of the sale, the plaintiff received a sales commission of $21,000. Equally irrelevant are those allegations which deal with the plaintiff's securing at McEachern's request from a third owner an offer to sell a third parcel, which offer McEachern refused. It is too much to ask that the inference be drawn that services performed by the plaintiff in those transactions were also furnished in the sale in issue. Each of these business matters is separate and each must rest on its own particular facts. Indeed, if any inference at all may be drawn properly from those irrelevant allegations, it can only be that McEachern by readily acquiescing in the payment of a much larger commission to the plaintiff demonstrated he was dealing fairly with the plaintiff.

No wrong is shown by the allegation that the plaintiff did not tell the owner that he had shown the property to McEachern because McEachern requested him not to do so for fear the price might be raised. There is nothing in the petition implying fraud in the request, and furthermore, any duty which the plaintiff as agent owed to divulge or not to divulge the information was owed to his principal, not to McEachern.

The assertion that McEachern and the other defendants wanted Maddox to receive the commission on the sale adds no substance to the petition in the absence of allegations showing plaintiff was the procuring or efficient cause of the sale.

The judgment sustaining the general demurrer and dismissing the petition is affirmed.

*Felton, C. J., Frankum, Eberhardt, and Deen, JJ., concur. Jordan and Pannell, JJ., concur in the judgment only. Nichols, P. J., and Hall, J., dissent.*

HALL, Judge, dissenting. While the assignment of error relates to a general demurrer to the petition, I think all would agree that the allegations of a consipracy are sufficient even as against a special demurrer. *National Bank of Savannah v. Evans,* 149 Ga. 67 (2) (99 SE 123); *Cook v. Robinson,* 216 Ga. 328 (5) (116 SE2d 742); *National City Bank of Rome v. Graham,* 105 Ga. App. 498, 503 (125 SE2d 223). The question is whether the alleged conspiracy is supported by and combined with a tort which caused damages to the plaintiff. In

*National City Bank of Rome v. Graham,* 105 Ga. App. 498, 507, supra, this court, composed of practically the same judges who join in the majority opinion, stated that "the words that the defendants conspired 'with the full knowledge that . . . petitioner was the efficient cause of the procuring of the purchaser' for the property . . . as against general demurrer, would be sufficient to show a tort."

The majority opinion takes the position that the petition fails to allege sufficient facts to support a conclusion that the plaintiff was the procuring cause of the sale. From this holding, I dissent. The petition alleges that the plaintiff had a listing of the Cravey property, obtained from the owner, when he first showed the Cravey and Ponder properties to the McEacherns and the bank in April; that the plaintiff procured from the owner and gave the McEacherns plats of the Cravey property showing how it could be joined with the Ponder property; that on the day the plaintiff showed the Cravey property to the defendants other than Maddox, these defendants informed Maddox that they had seen the Cravey property with the plaintiff and that the McEacherns were interested in purchasing the Cravey property; that at the time Maddox did not have the Cravey property listed; that after the Ponder sale was closed through the plaintiff, McEachern's wife on June 24 requested the plaintiff to continue negotiations for the purchase of the Cravey property; that the first week in July the McEacherns informed the plaintiff they were not interested in the property; that shortly thereafter on July 22, they contracted to purchase the property through Maddox; that Maddox had *never* shown them the property.

It must be borne in mind that "in determining whether a broker has earned his commission for procuring a purchaser, it is not necessary that his services shall have been the sole cause, but it is enough if the efforts of the broker, acting on the purchaser, are the efficient cause of his offer." *Lundin v. Kuniansky,* 107 Ga. App. 774 (131 SE2d 219). "When considering demurrers, pleadings are construed as a whole and given their natural intendment, and the final test of the sufficiency of a petition is whether the defendant can admit all that is alleged and escape liability." *Belk-Gallant Co. of LaGrange v. Cordell,* 107 Ga. App. 785, 787 (131 SE2d 575).

In ruling on this general demurrer we must admit that all the plaintiff's allegations of efforts in seeking to procure this purchase are true; must admit the truth of the allegations that on the day the plaintiff showed the property to the defendants other than Maddox, these defendants informed Maddox, who then had not listed the Cravey property, of McEachern's interest in the property; and must admit further that the allegation that the defendant broker did not even show the purchaser the property is true. Can it be said as a matter of law that a jury would not be authorized to find that, while the plaintiff's services were not the sole cause, they were the efficient cause in procuring the purchaser? I think not. See *Nottingham v. Wrigley*, 221 Ga. 386 (144 SE2d 749).

I am authorized to state that Nichols, P. J., concurs in this dissent.