### 53810. CLAYTON McLENDON, INC. v. JUDGE & COMPANY, INC. et al.

BANKE, Judge.

The appellant is an Atlanta real estate broker. Appellee Judge & Company owned four mini-warehouses, which it wished to sell. One warehouse was located in Atlanta, and the other three were in Texas. Judge & Company made an oral contract, the terms of which are contested, for the appellant to act as its agent in the sale of

either one or all of the warehouses. The appellant procured appellee Service Industries of America for the purchase of the Atlanta property, and a commission was paid on the sale. A few weeks later, Judge & Company sold the three Texas warehouses to Service Industries and refused to pay the appellant a commission on those sales. There are conflicts in the evidence as to whether the appellant made any efforts to interest Service Industries in the Texas property, and there is evidence which, if believed, could indicate that the appellees conspired to defraud the appellant of any commission it might be due on the Texas sale.

The appellant sued the appellees, alleging breach of contract on the part of Judge & Company and contending that both appellees conspired to defraud the appellant. A directed verdict was entered in favor of Service Industries. The trial judge refused to charge the jury on conspiracy or fraud in reference to Judge & Company, and a jury verdict was rendered against the appellant on the contract issue. From a judgment entered against the appellant on all counts, this appeal was made.

1. The trial judge refused to instruct the jury as requested by the appellant with respect to several principles of law applicable to brokerage commissions. These charges dealt in general with the requirement that the owner of property act in good faith when attempting to avoid a broker's commission by procuring a buyer independently of the efforts of a broker with whom the owner has a nonexclusive contract. See *Pate v. Milford A. Scott Real Estate Co.,* 132 Ga. App. 49 (2) (207 SE2d 567) (1974); *Washington v. Jordan,* 28 Ga. App. 18 (3, 7) (109 SE 923) (1921). The judge's charge did not deal with this legal principle, and it was error to refuse to charge the jury on it.

2. The appellant enumerates as error the direction of a verdict in favor of Service Industries and the trial judge's refusal to charge the jury on the conspiracy to commit fraud issue. Viewed in the light most favorable to the appellant, there is evidence from which a jury could have found that the appellees conspired to defraud the appellant of a commission. See *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556) (1976). "The

question of *conspiracy,* as has been held time and again by the appellate courts of Georgia, is 'solely a question for the jury.' See *Tanner v. State,* 161 Ga. 193 (11) (130 SE 64); *Weeks v. State,* 66 Ga. App. 553, 556 (18 SE2d 503); *Johnson v. State,* 83 Ga. App. 710 (2c) (64 SE2d 634). And how is a conspiracy proven? The case of *Harris v. State,* 184 Ga. 382, 392 (191 SE 439), spells it out with simplicity and specificity thus: 'Conspiracy may be shown by acts and conduct as well as by direct proof or express agreement. It may be shown by circumstantial evidence. *It may be established by inference, as a deduction from conduct which discloses a common design.*' (Emphasis supplied.) See also *Walden v. State,* 121 Ga. App. 142 (1) (173 SE2d 110), and cits." *Hodges v. Youmans,* 129 Ga. App. 481 (2) (200 SE2d 157) (1973).

In the case sub judice, there is evidence from which a jury could reasonably deduce that five days after Service Industries told the appellant it had no interest in the Texas property the appellees were secretly negotiating a sale. There is evidence of substantial savings to both appellees as a result of a sale without a broker's commission, and there is evidence of a unique contractual provision whereby the buyer (Service Industries) agreed to hold the seller (Judge & Company) harmless if any real estate commission were found to be owing. Enough circumstances appear in evidence to necessitate a submission of the issue to the jury. See *Charles A. Mueller Realty Co. v. Tucker Real Estate Co.,* 131 Ga. App. 54 (2) (205 SE2d 61) (1974).

3. The trial judge refused to charge the jury with respect to punitive damages and expenses of litigation caused by the alleged bad faith of the appellees. As shown in Division 2, above, there was evidence from which the jury could have found the appellees acted in bad faith to defraud the appellant of its commissions. Thus, the jury should have been charged on these issues. See *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188 (1, 2) (232 SE2d 62) (1977); *Kolodkin v. Griffin,* 87 Ga. App. 725 (5) (75 SE2d 197) (1953).

4. The appellant enumerates as error the following charge by the court: "I charge you that in determining whether the plaintiff was the efficient or procuring cause

of the sale of the Texas property, you may not consider the plaintiff's sales efforts with respect to other parcels of property." The charge is erroneous.

Assuming that Judge & Company contracted for the appellant to procure a buyer for the Texas realty, the mere fact that the appellant was the efficient procuring cause of the Atlanta sale does not entitle it to commissions based on the Texas sale. However, if the Texas transaction was instigated through the appellant's efforts with respect to the Atlanta property, those efforts may be considered by the jury as a part of the procurement of the Texas sale. See *Tomlin v. Bickerstaff,* 85 Ga. App. 48 (2) (68 SE2d 224) (1951). *Woodall v. McEachern,* 113 Ga. App. 213 (147 SE2d 659) (1966), upon which the appellees claim the charge is properly based, is distinguishable from the instant case on its facts. In *Woodall,* the broker was hired by two separate landowners to sell their land, which tracts were located near to each other. The court held that the broker's procurement of the purchaser for one tract was irrelevant to his claim for a commission when the purchaser bought the other owner's tract without the broker's aid.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 9, 1977 — DECIDED MAY 25, 1977 — REHEARING DENIED JUNE 28, 1977 — 

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, G. Lee Garrett, Jr.,* for appellant.
*Alston, Miller & Gaines, Robert D. McCallum, Jr.,* for appellees.